KALEVA-NORMAN-DICKSON SCHOOL DISTRICT NO. 6,
COUNTIES OF MANISTEE, LAKE & MASON v KALEVA-
NORMAN-DICKSON SCHOOL TEACHERS' ASSOCIATION

1. COURTS—ARBITRATION AND AWARD.

As a general proposition courts favor arbitration.

2. COURTS—ARBITRATION AND AWARD—CONTRACTS—RESERVATION OF
RIGHTS.

Courts will not interfere in a contract dispute where all questions
arising under the contract are arbitrable and the contract has
no reservation of rights clause.

3. COURTS—CONTRACTS—ARBITRATION AND AWARD.

The initial question of arbitrability under a contract is a question
of law for the courts.

4. ARBITRATION AND AWARD—TEACHING CONTRACT—NON-TENURE
TEACHER—RESERVATION OF RIGHTS CLAUSE.

A non-tenure probationary teacher has no absolute right to
arbitrate a school district's decision not to offer her a renewal
of her teaching contract where under a reservation of rights
clause in the contract between the school district and the
bargaining agency the school board retained and reserved all
powers, rights and authority, without limitation, to hire, deter-
mine qualifications, and conditions of continued employment or
dismissal or demotion of its employees.

Appeal from Manistee, Charles A. Wickens, J.
Submitted Division 3 February 7, 1974, at Grand
Rapids. (Docket No. 16897.) Decided March 29,
1974. Leave to appeal granted, 392 Mich 758.

Complaint by Kaleva-Norman-Dickson School

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 32.
  20 Am Jur 2d, Courts § 149.
[2–4] 5 Am Jur 2d, Arbitration and Award § 15.
[3] 5 Am Jur 2d, Arbitration and Award § 33.

District No. 6, Counties of Manistee, Lake and Mason, against Kaleva-Norman-Dickson Teachers' Association and Joy Urka for an injunction to enjoin defendants from proceeding with arbitration. Judgment for plaintiff. Defendants appeal. Affirmed.

*Miller, Canfield, Paddock & Stone* (by *Thomas J. Nordberg),* for plaintiff.

*Foster, Lindemer, Swift & Collins, P. C.* (by *James A. White* and *David W. McKeague),* for defendants.

Before: R. B. Burns, P. J., and Allen and O'Hara,* JJ.

O'Hara, J. This case involves a dispute between a probationary teacher and a school district. It is important then to keep in mind that the teacher tenure act[1] is not involved.

Defendant-appellant Urka and her collective bargaining representative contend that the decision of the appellee school district not to renew her contract is mandatorily arbitrable by reason of the terms of the contract between the school district and the bargaining agency. Per contra the school district says it is not and moreover that the initial question of arbitrability is one of contract law and hence for the court.

It would seem then that the contract, together with any required statutory language by law made a necessary part thereof, should provide the answer.

We think it does. Before stating specifically what

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.*

proviso of the contract we regard as sustaining our position we feel the following observations are in order.

We are well aware of the established rule that as a general proposition courts favor arbitration. Without a reservation-of-rights clause and where *all* questions arising under the contract are arbitrable courts will not and obviously should not interfere.

No beneficial purpose would be served in quoting a litany of cases in support thereof. Legal encyclopedias are likewise filled to overflowing with annotations of this principle.

Just as axiomatically true and just as abundantly supported by authority is the general rule that the initial question of arbitrability under a contract is a question of law for the courts. See *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72; 205 NW2d 856 (1973).

Our reports are, by reason of the volume of our case load, taxing the legal library space available to bench and bar alike. Thus we eschew whenever possible long discussions of settled principles with supporting citations.

We think the trial judge was right when he trenchantly observed:

"The defendant brings to the court's attention certain cases where a similar incident was sent to arbitration and not decided by the court. Courts may do things for convenience *but convenience does not supersede contractual rights.* Viewing the law of the State of Michigan and the written arguments between the parties, the court agrees with the plaintiff that the contractual rights of the parties provide that this is a matter for the court and not a matter for arbitration, and the temporary injunction may be made a permanent injunction in this case. Any dispute growing out of the facts

and circumstances of this case shall be determined by the court.

"An order may be so prepared." (Emphasis supplied.)

The reservation-of-rights clause in this contract is about as broad as possible:

### "BOARD RIGHTS

"A. The Board, on its own behalf and on behalf of the electors of the district, hereby retains and reserves unto itself, without limitations, all powers, rights, authority, duties, and responsibilities, conferred upon and vested in it by the laws and the Constitution of the State of Michigan, and of the United States, including, but without limiting the generality of the foregoing, the right:

"1. To the executive management and administrative control of the school system and its properties and facilities and school related activities.

"2. To hire all employees and subject to the provisions of law, to determine their qualifications, and the conditions for their continued employment or their dismissals or demotion; and to promote, and transfer all such employees, except as hereafter provided."

We find nothing "hereafter provided" in this contract which accords to a non-tenure probationary teacher the absolute right to arbitrate the school district's decision not to offer her a renewal of her teaching contract.

The above is what this opinion stands for, nothing more, nothing less.

Affirmed, no costs.

All concurred.