BROWN v HOLTON PUBLIC SCHOOLS

Labor Relations—Schools and School Districts—Teacher Tenure —Arbitration—Grievance—Timely Filing.

Failure of an untenured teacher to file a grievance against the school board within 30 days of knowledge of the grievable item in accordance with the labor contract requirements bars the grievance from arbitration, and an arbitrator has no authority to assume jurisdiction of the matter where the teacher has filed his grievance 45 days after a school board had informed him of its decision not to rehire him.

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 April 11, 1975 at Grand Rapids. (Docket No. 21002.) Decided June 24, 1975. Leave to appeal granted, 395 Mich —.

Complaint by Bruce Brown, a teacher dismissed by defendant school district, and Holton Education Association against Holton Public Schools and the Holton Board of Education for enforcement of an arbitration award. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Foster, Lindemer, Swift & Collins* (by *Nicholas B. Waite),* for plaintiffs.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for defendants.

Before: T. M. Burns, P. J., and McGregor and D. F. Walsh, JJ.

Reference for Points in Headnote
48 Am Jur 2d, Labor and Labor Relations §§ 926–933.

T. M. BURNS, P. J. Plaintiffs appeal as of right from a July 2, 1974, order of the trial court granting summary judgment in favor of defendants and dismissing plaintiffs' complaint which sought enforcement of a December 24, 1973, arbitration award. This arbitration award, in which defendants did not participate, if enforced by the trial court, would have required defendants to reinstate plaintiff Brown as a tenured teacher in defendants' school system, with full back pay, and would have also assessed various arbitration costs against defendants.

Plaintiff Bruce Brown was a probationary teacher not yet subject to the provisions of the teacher tenure act.[1] On March 26, 1973, defendants decided not to renew Brown's contract and informed him of that decision. At a special meeting held on May 7, 1973, defendants refused to rescind their action of March 26, 1973.

On May 11, 1973, plaintiff Brown filed a grievance pursuant to the collective bargaining agreement then in effect for the 1972–1973 school year. Plaintiff demanded arbitration claiming that failure to offer a contract to a probationary teacher was subject to arbitration. On August 20, 1973, defendants advised plaintiffs and the American Arbitration Association that they would not participate in any arbitration proceedings in this matter. Plaintiffs elected to proceed unilaterally with arbitration, and the arbitrator ultimately entered an award in favor of plaintiffs.

Defendants refused to recognize the award as having any validity, so this action was commenced on February 13, 1974, to enforce the award. On June 19, 1974, the circuit court issued its opinion granting defendants' motion for summary judg-

---

[1] MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.*

ment. The court refused enforcement of the arbitration award and held that since the grievance had not been filed within the 30-day period required by the collective bargaining agreement, it was beyond the arbitrator's authority to assume jurisdiction of the case. The court also held that the issue was not subject to arbitration. The aforementioned order dismissing plaintiffs' complaint was issued on July 2, 1974. This appeal followed.

Plaintiffs first claim that the trial court erred in holding that the grievance was not filed within the 30-day period required by the contract and was thus beyond the arbitrator's jurisdiction.

Article XII A of the labor contract specifically provides that "Any grievance filed under this contract must be filed within 30 days of know[ledge] about the grievable item." It is not contested that plaintiff Brown's May 11, 1973, filing of his grievance was well after the 30-day deadline. However, plaintiffs argue that the 30 days did not run from the announcement of the fact that the board was not renewing Brown's contract (March 26, 1973), but from the refusal of the board to rescind its action on May 7, 1973. The trial court found that this could not have been the intention of the parties since such a tactic "would allow the indefinite extension of a right that is set for a definite 30 days". We agree. The contract clearly states that a grievance must be filed within 30 days of knowledge of the grievable item. In this case the grievable item, that is, the board's failure to renew Brown's contract, occurred on March 26, 1973, and it was at this time that plaintiffs were made aware of it. Brown did not file his grievance until some 45 days later. Since Brown's grievance was not initially timely filed, it did not meet the contract requirements for processing a legitimate grievance and is, therefore, by virtue of the contract itself,

barred from arbitration. Accordingly, the trial court's ruling that the grievance was not timely filed was proper.

Having resolved this issue in defendants' favor, we find it unnecessary to consider plaintiffs' other arguments at length. Suffice it to say that, contrary to plaintiffs' claim, in *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers Association,* 393 Mich 583; 227 NW2d 500 (1975), the Supreme Court acknowledged that the question of arbitrability is for the court. We also deem it unnecessary to elaborate on the question of whether the trial court erroneously relied on *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson School Teachers Association,* 52 Mich App 433; 217 NW2d 411 (1974), *rev'd* 393 Mich 583; 227 NW2d 500 (1975). The Supreme Court's reversal does not affect our disposition of the instant case since in *Kaleva, supra,* the Supreme Court was not faced with the question of failure to timely file the grievance in accordance with the contract provisions. Whether the trial court properly relied on the Court of Appeals decision in *Kaleva* is irrelevant, since that question does not control this case. Even if we were to decide that question in plaintiffs' favor, affirmance would still be in order since the fact remains that due to plaintiff Brown's failure to timely file his grievance, the arbitrator had no authority to assume jurisdiction of this matter. The grievance not being timely filed, plaintiffs had no right to arbitration.

Affirmed.