BROWN v HOLTON PUBLIC SCHOOLS (AFTER REMAND)

Docket No. 59789. Decided October 6, 1977. On application by defendants for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals and reinstated the judgment of the trial court. Rehearing denied 402 Mich 951.

Bruce Brown, a probationary teacher whose contract was not renewed by the Holton Public Schools, and the Holton Education Association brought a complaint in Muskegon Circuit Court, James F. Schoener, J., against the Holton Board of Education for enforcement of an arbitration award of reinstatement with back pay. Brown had filed a grievance and the school board had refused to participate in the arbitration proceedings, even after the arbitrator found the grievance to be arbitrable. The circuit court granted summary judgment for the defendant, finding that the grievance was not timely filed, and that the issue was not subject to arbitration under the collective bargaining agreement between the teachers' association and the school board. The Court of Appeals, T. M. Burns, P. J., and McGregor and D. F. Walsh, JJ., affirmed (Docket No. 21002). The decision of the Court of Appeals was reversed on the issue of notice and remanded for consideration of the remaining issues, 397 Mich 71; 243 NW2d 255 (1976). The Court of Appeals, Danhof, C. J., and T. M. Burns and D. F. Walsh, JJ., on remand, on rehearing, reversed the decision of the circuit court and found that the agreement did provide for arbitration of Brown's grievance. Defendant applies for leave to appeal. *Held:*

There is nothing in the collective bargaining agreement which would give a probationary teacher the right to file a grievance on the school board's refusal to renew his contract. The plaintiffs have not alleged a violation of any specific provision of the agreement which would entitle them to proceed to arbitration. It is not enough to argue that, because a grievance procedure exists under a collective bargaining agreement, one is entitled to use it.

The decision of the Court of Appeals is reversed and the judgment of the trial court reinstated.

74 Mich App 206; 254 NW2d 41 (1977) reversed.

*Foster, Swift, Collins & Coey, P. C.* (by *Karen Bush Schneider)* for plaintiffs.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton* for defendants.

PER CURIAM. The question for decision in this case is whether or not the collective bargaining agreement entered into by the plaintiff teachers' association and the defendant school board provided for the submission to arbitration of a decision not to renew the contract of a probationary teacher. The Court of Appeals found that the collective bargaining agreement did so provide. However, we find no support in the collective bargaining agreement in question for such a conclusion, and we reverse the Court of Appeals and reinstate the judgment of the trial court. We adopt the following recitation of the facts as set forth by the Court of Appeals:

"Plaintiff Brown was employed by the defendant board of education as a probationary teacher during the 1972–73 school year. In 1973 the board decided to deny Brown a teaching contract for the ensuing school year. Brown filed a grievance pursuant to the collective bargaining agreement (hereinafter the Agreement) between the teachers and the board alleging unjust discharge. The grievance eventually was submitted to arbitration without the participation of the board. The arbitrator found the grievance to be arbitrable and rendered an award on the merits, granting Brown reinstatement with back pay.

"This action was instituted by Brown and the Holton Education Association (hereinafter the Association), the exclusive bargaining representative for teachers employed by the board, to seek enforcement of the arbitration award. The circuit court granted summary judgment for the board. Enforcement of the arbitration award was denied on the grounds that the grievance

was not filed within the 30-day period required by the Agreement and that the dispute was not subject to arbitration. On appeal of the circuit court judgment, we affirmed. *Brown v Holton Public Schools,* 62 Mich App 328; 233 NW2d 274 (1975). The Michigan Supreme Court reversed our decision and remanded for resolution of the remaining issues raised by the parties in the initial appeal. *Brown v Holton Public Schools,* 397 Mich 71; 243 NW2d 255 (1976). In an unpublished per curiam opinion released September 22, 1976, we reversed the circuit court order of summary judgment and remanded the cause for further proceedings. We found that claims such as Brown's were not specifically excluded from arbitration in the Agreement and since we could not say with positive assurance that the arbitration clause was not susceptible of an interpretation that covered the claim, the issue was a proper subject of arbitration. In so ruling, we relied upon the language of the Supreme Court in *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson Teachers' Association,* 393 Mich 583; 227 NW2d 500 (1975)." 74 Mich App 206, 207–208; 254 NW2d 41 (1977).

The Court of Appeals granted defendants' application for rehearing in order to allow defendants to raise yet another issue, that of whether or not a board of education could legally agree to submit questions regarding the hiring and firing of teachers to binding arbitration. The Court of Appeals found in the affirmative on this issue. Our disposition makes it unnecessary for us to express any opinion on that issue.

Our reversal of the Court of Appeals is premised solely upon the arbitrability question. We express no opinion as to other issues in the case.

The instant contract provides as follows:

"Article XII A: Any teacher, group of teachers or the Association believing that there has been a violation, misinterpretation or misapplication of any provision of this agreement or any existing rule, order or regulation

of the Board, or any other provision of law (except a statute specifically establishing a procedure for redress) relating to wages, hours, terms or conditions of employment, may file a written grievance with the Board or its designated representative."

We find nothing in the collective bargaining agreement which would give a probationary teacher the right to file a grievance with regard to the school board's refusal to renew his contract. In *Kaleva-Norman-Dickson School District No 6 v Kaleva-Norman-Dickson Teachers' Association,* 393 Mich 583; 227 NW2d 500 (1975), we indicated that the only question for the Court in matters of this nature is whether or not the matter under consideration is arbitrable. In that case, however, the collective bargaining agreement contained a clause which provided that:

"No teacher shall be disciplined, reprimanded, reduced in rank or compensation, or deprived of any professional advantage without just cause." (393 Mich 583, 589.)

No such language can be found in the collective bargaining agreement in the instant case. Indeed, plaintiffs have alleged no violation of any specific provision of the collective bargaining agreement which would entitle plaintiffs to proceed to arbitration. It is not enough to argue that because a grievance procedure exists under a collective bargaining agreement, that one is entitled to use it. Here, unlike in *Kaleva-Norman-Dickson School District No 6, supra,* we can say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute". (393 Mich 583, 592.)

Accordingly, in lieu of leave to appeal, pursuant

to GCR 1963, 853.2(4), we reverse the Court of
Appeals and reinstate the judgment of the trial
court. No costs, a public question.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLE-
MAN, FITZGERALD, RYAN, and BLAIR MOODY, JR.,
JJ., concurred.