360 So.2d 1280 (1978)
The LAKE COUNTY EDUCATION ASSOCIATION, Appellant,
v.
The SCHOOL BOARD OF LAKE COUNTY, Florida, Appellee.
No. 77-386.
District Court of Appeal of Florida, Second District.
June 28, 1978.
*1281 Patricia A. Renovitch, Tallahassee, for appellant.
Leo P. Rock, Jr., of Rock & Brown, Orlando, for appellee.
PER CURIAM.
This is an appeal from an order of the circuit court vacating an arbitrator's decision in favor of a teacher in a dispute with the school board concerning reappointment as a nontenured teacher. See Section 682.20(1)(e), Florida Statutes (1975).
William J. Meyers was employed by the School Board of Lake County (School Board) for the 1975-76 school year as a vocational education teacher at Umatilla High School. As such, he was a member of a unit of School Board employees for which the Lake County Education Association (Association) had been certified as the collective bargaining representative. This was the first year that Mr. Meyers had been employed as a teacher.
The School Board and the Association had entered into a collective bargaining agreement which included the following provisions pertinent to this case:
ARTICLE IV
Association and Teacher Right and Responsibilities
L. Teachers will be treated fairly and equitably in the application of School Board policy.
.....
ARTICLE VI
Grievance Procedure
F. Powers of the Arbitrator.
1. It shall be the function of the arbitrator, and he shall be empowered, except as his powers are limited below, after due investigation, to make a decision in cases of alleged violation of the specific articles and sections of this Agreement. He shall have no power to add to, subtract from, disregard, alter, or modify any of the terms of this Agreement.
2. In dealing with the equitable application of School Board policy, the arbitrator shall have no power to change any policy, or rule of the Board, nor to substitute his judgment for that of the Board as to the reasonableness of such policy or rule. The arbitrator shall be concerned only with whether a School Board policy is being equitably applied to the member(s) of the bargaining unit. The arbitrator's award shall be limited only to rectifying the inequity.
.....
ARTICLE VIII
Teacher Evaluation
A. The evaluation and assessment of the performance of each teacher is solely the responsibility of the administration and may not be delegated.
.....
J. No teacher shall have his employment discontinued nor be demoted, dismissed, suspended or reduced in rank except for proper cause.
On March 1, 1976, the school principal informed Mr. Meyers that he did not intend to recommend him for reappointment. The principal noted Mr. Meyers' deficiencies in the areas of "pupil control, following policy *1282 in grading, filing reports on time, curriculum planning, and financial control." Later in March, the School Board approved the recommendation not to reappoint Mr. Meyers for another year.
As a result of the School Board's decision, Mr. Meyers filed a grievance which proceeded to arbitration. The arbitrator determined that there was no just cause for the refusal to renew Mr. Meyers' contract. He concluded that the evidence did not fully support the conclusion that Mr. Meyers was deficient in all of the areas noted by the principal and that those shortcomings which had been proven to exist were not serious enough to warrant a decision not to reappoint. The arbitrator ordered the School Board to offer Mr. Meyers a contract for the current year and to make him whole for lost wages. The arbitrator noted that evaluations of Mr. Meyers occurring after March 1, 1976, reflected substantial improvement, and he held that the School Board had improperly limited its evaluation to a period which ended March 1, 1976. He also observed that Mr. Meyers had not been treated equitably because another teacher who had some of the same deficiencies had been given three one-year probationary contracts before she was not reappointed.
The School Board filed an application in circuit court to vacate and/or modify the arbitration award. The Association cross-applied for confirmation of the award. The court granted the School Board's motion to vacate upon the predicate that the arbitrator had exceeded his power "by disregarding applicable terms of the collective bargaining agreement by substituting his judgment for that of the School Board as to reasonableness of School Board's policies and rules."
Section 682.13, Florida Statutes (1975), provides the exclusive grounds for vacating an arbitration award. The court below relied upon subsection (1)(c) which states:
(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers.
In this appeal the Association argues that because the collective bargaining agreement provided that a teacher should not have his employment discontinued "except for proper cause," the arbitrator was within his authority to pass upon the question of whether "proper cause" existed. The School Board argues that the arbitrator exceeded his authority by disregarding those provisions of the collective bargaining agreement which specifically provided that the responsibility for evaluation and assessment of teacher performance rests solely with the administration. The School Board also argues, as it did below, that the provision of the collective bargaining agreement which states that no teacher should have his employment discontinued "except for proper cause" is invalid, at least with respect to nontenured teachers, as contrary to the public policy expressed in the statutes of the State of Florida. While the lower court did not base its decision upon the latter contention, we have chosen to do so because we find the arguments in support thereof compelling. Consequently, it is unnecessary to pass on whether the court properly concluded that, given the authority to determine whether Mr. Meyers was not reappointed for "proper cause," the arbitrator exceeded his power by substituting his judgment for that of the School Board.
The question upon which we decide this case may be stated as follows: Can a school board enter into a collective bargaining agreement under which its decision not to reappoint a nontenured teacher must be based upon proper cause?[1] We answer this question in the negative.
This is an issue of first impression in Florida, but the matter has been considered in recent years by a number of other states which authorize public employee bargaining. The authorities are divided.
*1283 In Cohoes City School District v. Cohoes Teachers Association, 40 N.Y.2d 774, 390 N.Y.S.2d 53, 358 N.E.2d 878 (N.Y.Ct.App. 1976), the highest court of New York ruled that a provision requiring just cause for a nontenured teacher's termination at the end of the probationary period was unenforceable as against public policy. The court stated:
This responsibility, with the accompanying grant of enabling authority, to select and screen the teaching personnel in the school must be exercised by the board for the benefit of the pupils and the school district and cannot be delegated or abnegated. Accordingly, it is beyond the power of the board to surrender this responsibility as part of any agreement reached in consequence of collective bargaining. "As a matter of educational policy, and in the interest of maintaining adequate standards in the classrooms, the dismissal of a probationary teacher is a matter vested by law in the board of education upon appropriate recommendation of the district superintendent of schools and not properly a matter for negotiation or the application of employee grievance procedures."
.....
Cohoes City School District, supra, 390 N.Y.S.2d at 55, 358 N.E.2d at 880.
The court in Wesclin Education Association v. Board of Education, 30 Ill. App.3d 67, 331 N.E.2d 335 (1975), reached the same conclusion on the same point. The court reasoned that just as the school board could not negotiate an agreement that would abrogate the statutorily mandated procedural safeguards accorded tenured teachers, neither could it abrogate its statutorily mandated flexibility to dismiss unqualified probationary teachers. The court held that a school board may not establish conditions precedent to the dismissal of nontenured teachers which are in excess of the conditions imposed by the School Code. In referring to nontenured teachers, the court made the following observation:
Such teachers are not in an "on the job training" status, but are employed as persons qualified by training and practice under the supervision, guidance and training furnished by other educational institutions. Since some of those so qualified may not be capable of serving the best interests of the school, the Legislature has seen fit to allow a broad discretion in termination of their employment, as being in the best interests of the school. Since they have not completed their probationary period they have no vested interest in their employment, of which they are deprived by compliance with the applicable provisions of the School Code in the termination of their employment.
Wesclin Education Association, supra, 331 N.E.2d at 342. Shortly thereafter the Third Appellate District of Illinois, in Lockport Area Sp. Ed. Coop. v. Lockport Area Sp. Ed. Coop. Assoc., 33 Ill. App.3d 789, 338 N.E.2d 463 (1975), followed the lead of its sister court.
The courts of Massachusetts arrived at the same result in a series of decisions last year. School Committee of Danvers v. Tyman, 360 N.E.2d 877 (Mass. 1977); Dennis-Yarmouth Regional School Committee v. Dennis Teachers Assoc., 360 N.E.2d 883 (Mass. 1977); School Committee of West Bridgewater v. West Bridgewater Teachers' Assoc., 360 N.E.2d 886 (Mass. 1977). Several years before, the Connecticut Supreme Court had adopted the rule by way of dictum. West Hartford Education Assoc. v. DeCourcy, 162 Conn. 566, 295 A.2d 526 (1972).
On the other hand, the courts of Michigan, Pennsylvania, and Vermont have reached contrary conclusions. Brown v. Holton Public Schools, 74 Mich. App. 206, 254 N.W.2d 41 (1977), rev'd on other grounds, 401 Mich. 398, 258 N.W.2d 51 (1977); Board of Education v. Philadelphia Federation of Teachers, Local No. 3, 464 Pa. 92, 346 A.2d 35 (1975); Danville Board of School Directors v. Fifield, 132 Vt. 271, 315 A.2d 473 (1974). In essence, these decisions hold that the respective school boards had the power to contract regarding terms and conditions of employment and that the non-renewal *1284 of a teacher's employment contract and the resolution of labor disputes through binding arbitration were matters relating to terms and conditions of employment. Thus, these courts ruled that the inclusion of a just or proper cause provision in the collective bargaining agreement did not constitute an invalid delegation of authority.
We are persuaded by the logic of the New York, Illinois, and Massachusetts decisions that a school board has no authority to include in a collective bargaining agreement a provision that a nontenured teacher may only be denied reappointment upon just or proper cause. Our statutes provide that the school board alone has the power and duty to dismiss its employees.[2] Section 230.23(5), Florida Statutes (1975). Yet, the existence of a "proper cause" provision in the collective bargaining agreement with respect to the reappointment of nontenured teachers necessarily limits the exclusive authority otherwise vested by law in that board. The practical effect of a proper cause provision is to transfer the ultimate responsibility for reappointment of nontenured teachers to an arbitrator. The instant case provides a good illustration of why this is so.
The school administration decided that Mr. Meyers had various shortcomings which dictated that he not be rehired for another year. The School Board accepted the superintendent's recommendation and declined to reappoint him. Yet, after hearing extensive testimony concerning Mr. Meyers' performance as a teacher, the arbitrator concluded that even though he may have had some deficiencies they were not sufficient to warrant a decision not to rehire.
In this posture the arbitrator's decision became subject to judicial review. However, the standard of judicial review of an arbitrator's decision is extremely limited. Affiliated Marketing, Inc. v. Dyco Chemicals & Coatings, Inc., 340 So.2d 1240 (Fla. 2d DCA 1976). The arbitrator is the sole and final judge of the evidence and the weight to be given to it. Bankers & Shippers Insurance Co. v. Gonzalez, 234 So.2d 693 (Fla. 3d DCA 1970). The fact that the relief granted is such that it could not or would not be granted by a court of law or equity is not a ground for vacating the award. Section 682.13(1), Florida Statutes (1975). The arbitrator himself recognized that he was not supposed to substitute his judgment for that of the School Board, but he observed "it is nonetheless plain that respect for the judgment of the school officials in this regard does not prohibit the arbitrator from concluding on the evidence adduced at the hearing that there was no just cause for the action taken by School." Even though it might be articulated that he second-guessed the School Board, does this mean that the arbitrator "in the course of his jurisdiction exceeded (his) powers?" Section 682.13(1)(c). In the final analysis, if the determination of just or proper cause for termination is a matter for arbitration, the arbitrator, rather than the school board, will generally have the last word.
It should be noted that several of the opinions cited in support of our ruling are careful to point out that public policy does not prohibit a school board from entering into a collective bargaining agreement which defines the procedures to be followed in making teacher evaluations which may lead to a decision not to reappoint a nontenured teacher. Where an agreement has been reached on procedures, the arbitrator's decision granting a nontenured teacher relief because of the failure to follow such procedures has been upheld. Cohoes City School District v. Cohoes Teachers' Assoc., supra; School Comm. of West Bridgewater v. West Bridgewater Teachers' Assoc., supra. This distinction is not pertinent to the instant case because the essence of the arbitrator's decision was that the refusal to reappoint Mr. Meyers was made without just cause rather than as the result of a failure to follow agreed upon procedures.
*1285 To the extent that the arbitrator's decision suggested that the School Board was prohibited from reaching the conclusion not to reappoint Mr. Meyers until a full year's probationary status had transpired, it was incorrect because such a conclusion is clearly beyond the arbitrator's authority. After conferring with his principals, the superintendent is required to submit nominations for reappointment at least six weeks before the end of the post-school conference period. Section 230.33(7)(d), Florida Statutes (1975). The School Board is required to act upon the superintendent's teacher nominations not less than four weeks before the close of the post-school conference period. Section 230.23(5)(c), Florida Statutes (1975). The collective bargaining agreement itself required that a teacher must be notified in writing by April 1 of his principal's recommendation that he not be reappointed for the forthcoming year. Consequently, it was reasonable for the principal's original recommendation to be made by March 1, and there is no authority for the proposition that subsequent evaluations had to be considered in connection with the ultimate determination by the School Board.
It is the public policy of Florida as expressed by statute that our elected school boards shall have the exclusive prerogative to decide whether to reappoint nontenured teachers. There is nothing in the public employee bargaining provisions of Chapter 447 which suggests anything to the contrary. The courts have not hesitated to vacate an arbitration award which seeks to enforce an underlying agreement which is contrary to public policy. E.g., Goodyear Tire & Rubber Co. v. Sanford, 540 S.W.2d 478 (Tex.Civ.App. 1976); Botany Indus., Inc. v. Amalgamated Clothing Workers of America, 375 F. Supp. 485 (S.D.N.Y. 1974), vacated as moot 506 F.2d 1246 (2d Cir.1974). Therefore, the order vacating the arbitration award is affirmed.
HOBSON, Acting C.J., and GRIMES and RYDER, JJ., concur.
NOTES
[1] We are not dealing with the question of whether a proper cause provision with respect to the discipline and discharge of a nontenured teacher during the contract period may be the proper subject of a collective bargaining agreement. Cf. Duval Teachers United v. Duval County School Board, Case No. 8H-CA-764-3134, PERC Order No. 77U-202 (April 19, 1977).
[2] Of course, those teachers who have acquired tenure are afforded the protection of Section 231.36, Florida Statutes (1975).