READY v CLARK EQUIPMENT COMPANY

Docket No. 78-1977. Submitted April 5, 1979, at Detroit.—Decided June 25, 1979. Leave to appeal denied, 407 Mich 888.

Hilton Ready, Jr., an employee of Commodity Steel & Processing, Inc., was injured while operating a forklift truck. The lift truck was designed, manufactured and owned by Clark Equipment Company. Clark had leased the truck to Commodity Steel under a written lease agreement. The lease contained an indemnity clause in which Commodity Steel agreed to indemnify and hold Clark harmless for all risks arising from the possession, use and operation of Clark Equipment unless the loss was caused by Clark's negligence. Ready brought an action against Clark for damages alleging negligent design and manufacture, failure to maintain and inspect to determine the safety of the equipment, negligent failure to warn Commodity employees of a dangerous condition, failure to repair the defective truck, and breach of warranty. Clark denied these allegations and added Commodity Steel & Processing, Inc., as a third-party defendant under the indemnity clause in the lease. Commodity Steel alleged that Clark was being sued for its own direct negligence, an exclusion in the lease, and moved for summary judgment claiming no cause of action existed against Commodity Steel. Clark opposed the motion claiming that the indemnity clause specifically includes such injuries making Commodity Steel liable to Clark. Summary judgment for third-party defendant Commodity Steel & Processing, Inc., Wayne Circuit Court, Thomas J. Foley, J. Clark Equipment appeals. *Held:*

If Ready's complaint had only alleged negligent design and manufacture of the forklift truck, this would constitute allegations of direct negligence and summary judgment would have been appropriate. However, the words of the complaint indicate some factual developments possible which may establish

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 429 *et seq.*

[2, 5] 73 Am Jur 2d, Summary Judgment §§ 26, 27.

[3] 41 Am Jur 2d, Indemnity § 13.

[4] 17 Am Jur 2d, Contracts § 276.
   41 Am Jur 2d, Indemnity § 13.

Clark's right to indemnification. The averments that there was a failure to maintain and inspect and a failure to correct and repair the lift truck may have been intended to cover matters by not constituting direct negligence. Therefore, Clark's allegation that Commodity Steel agreed, by contract, to indemnify Clark for claims arising out of the possession, use and operation of the equipment is not so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery.

Reversed and remanded with instructions.

1. ACTION — PARTIES — JOINDER OF PARTIES — INDEMNITY — WORKMEN'S COMPENSATION — EXCLUSIVE REMEDY — STATUTES.

An employer may be joined as a third-party defendant on an indemnity theory without disturbing the exclusive remedy clause of the Worker's Disability Compensation Act (MCL 418.131; MSA 17.237[131]).

2. JUDGMENT — SUMMARY JUDGMENT — WELL-PLEADED FACTS — COMPLAINT — ISSUES OF FACT — COURT RULES — APPEAL AND ERROR.

A motion for summary judgment for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone; a reviewing court is to accept as true the well-pleaded facts in plaintiff's complaint and to determine whether these claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

3. INDEMNITY — CONTRACTS — CONSTRUCTION — INTENTIONS OF PARTIES — CIRCUMSTANCES AND SITUATIONS.

Indemnity contracts, like other contracts, are to be enforced so as to effectuate the intentions of the parties; intention is determined by considering not only the language used in the contract, but also the situation of the parties and the circumstances surrounding the contract.

4. INDEMNITY — CONTRACTS — CONSTRUCTION — DRAFTER — INDEMNITEE.

Indemnity contracts are construed most strictly against the party who drafts them and the indemnitee.

5. JUDGMENT — SUMMARY JUDGMENT — UNENFORCEABLE CLAIM — RIGHT TO RECOVERY — COMPLAINT — INDEMNITY — ISSUES OF FACT.

Summary judgment based upon a failure to state a claim upon

which relief can be granted requires that a claim be so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery; where the words of a complaint indicate that there are some factual developments possible which may establish a right to indemnity, in a complaint for indemnity, summary judgment is improper.

*Harvey, Kruse & Westen, P.C.* (by *John F. Milan),* for Clark Equipment Company.

*John N. Highland,* for Commodity Steel & Processing, Inc.

Before: BEASLEY, P.J., and ALLEN and D. C. RILEY, JJ.

PER CURIAM. Defendant, Clark Equipment Company, appeals a summary judgment granted in favor of third-party defendant, Commodity Steel and Processing, Inc., because of defendant Clark's failure to state a claim upon which relief can be granted under GCR 1963, 117.2(1).

The present controversy arises out of an action brought by primary plaintiff, Hilton Ready, Jr., an employee of Commodity Steel, who was injured while operating a forklift truck. The lift truck was designed, manufactured and owned by Clark Equipment Company. Clark had leased the truck to Commodity Steel under a written lease agreement.

Ready brought suit against Clark for damages. In his complaint against defendant Clark, he alleged negligent design and manufacture of the lift truck and its safety features, negligently failing to maintain and inspect the lift truck to determine the safety of the equipment, negligently failing to warn Commodity Steel and its employees of the

dangerous condition of the lift truck and negligently failing to repair the defective lift truck. He also alleged breach of warranty.

Clark denied these allegations and added Commodity Steel as a third-party defendant based on the following indemnity clause contained in the lease:

"LIABILITY.

"LESSEE assumes all risk and liability arising from LESSEE's possession, use and operation of each unit of equipment from the moment of delivery to LESSEE to the moment of return to LESSOR and agrees to indemnify and hold LESSOR harmless from any and all of the following, whether the same be actual or alleged *unless directly caused by LESSOR's negligence:* all loss, damage, claims, suits, taxes, liens, penalties, fines, liability and expense (including attorney's fees) howsoever arising or incurred because of such possession, use and operation of equipment including, but not limited to, damages for injuries or death to persons or injury to or destruction of property, claims and liens for storage, labor and materials and all loss of and damage to equipment." (Emphasis added.)

Commodity Steel moved for and was granted summary judgment claiming that Clark was being sued for its own direct negligence and, since direct negligence was specifically excluded from the indemnity agreement, no cause of action existed against Commodity Steel.

Clark opposed the motion, asserting that the indemnity clause in the lease agreement specifically includes such injuries and, thus, Commodity Steel is liable to indemnify Clark.

The recent cases hold that an employer may be joined as a third-party defendant on an indemnity theory without disturbing the exclusive remedy

clause of the Worker's Disability Compensation Act.[1]

One instance is where "the parties have entered into a written contract in which one party has clearly agreed to indemnify the other".[2] Another example would be in the context of common-law indemnity where the principal defendant suffers vicarious liability due to its relationship with the third party.[3] The case at bar deals with a relationship imposed by contract.

In *Minster Machine Co v Diamond Stamping Co,*[4] the Court examined the correct standard of review for the granting of a motion for summary judgment under GCR 1963, 117.2(1):

> " 'A motion based solely on subsection 1, challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). [The] job [of] a reviewing court is to accept as true the well-pleaded facts in plaintiff's complaint, * * *, *Weckler v Berrien County Road Commission,* 55 Mich App 7, 9; 222 NW2d 9 (1974), and to determine whether these claims are so "clearly unenforceable as a matter of law that no factual development can possible [sic] justify a right to recovery." *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972).' "

Any conclusions which may reasonably be drawn from the factual allegations may be consid-

---

[1] MCL 418.131; MSA 17.237(131); *Nanasi v General Motors Corp,* 56 Mich App 652, 656-657; 224 NW2d 914 (1974), citing *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973).

[2] *Dale v Whiteman,* 388 Mich 698, 704; 202 NW2d 797 (1972).

[3] *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976).

[4] *Id.* at 61, citing to *Bormans, Inc v Lake State Development Co,* 60 Mich App 175, 179-180; 230 NW2d 363 (1975).

ered.[5] Indemnity contracts, like other contracts, are to be enforced so as to effectuate the intentions of the parties. Intention is determined by considering not only the language used in the contract, but also the situation of the parties and the circumstances surrounding the contract.[6] Indemnity contracts are construed most strictly against the party who drafts them and the indemnitee.[7]

Applying these principles to the facts before us, we find that if the allegations of the principal complaint are proved to be true and the product is found to be defectively designed or manufactured or that Clark failed to inspect as alleged, then Clark is liable for its own acts, as they would constitute direct negligence and, under the agreement, there is no indemnification for direct acts of negligence by the lessor. However, we must also look to Clark's third-party complaint to determine if summary judgment was correctly granted.[8]

Paragraphs 3 through 5 of the third-party complaint state:

"3. That original plaintiff's Complaint alleges that original plaintiff was injured while operating some of the equipment which was leased to third party defendant.

"4. That third party defendant agreed by contract to indemnify and hold harmless third party plaintiffs from any claims arising out of the possession, use and operation of said equipment.

"5. If third party plaintiffs are held liable to the plaintiff, they would be entitled to indemnity from third

---

[5] *Rowe v Colwell,* 67 Mich App 543, 547; 241 NW2d 284 (1976).

[6] *Title Guaranty & Surety Co v Roehm,* 215 Mich 586; 184 NW 414 (1921).

[7] *Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318; 253 NW2d 748 (1977).

[8] See, *Diekevers v SCM Corp,* 73 Mich App 78; 250 NW2d 548 (1976).

party defendant because of its breach of contract, for contractual indemnity. A copy of said contract is in the possession of third party defendant."

The words of the complaint indicate to us that there are some factual developments possible which may establish Clark's right to indemnification. The averments of primary plaintiff's complaint state that there was a failure to maintain and inspect and a failure to correct and repair the lift truck. Such claims may have been intended to be covered by the indemnification agreement as not constituting direct negligence. Clark's allegation that Commodity Steel agreed, by contract, to indemnify Clark for claims arising out of the possession, use and operation of the equipment is not so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. If Ready's complaint had only alleged negligent design and manufacture of the forklift, we would hold that this would constitute direct negligence and summary judgment would have been appropriate. However, due to the further allegations, allegations which Clark claims are covered as indirect acts, we find that a right to recovery may exist.

Upon remand, under the court rules pertaining to third-party practice,[9] the trial court has discretion to determine whether the issue of Commodity's liability to Clark shall be determined in a separate trial or in the principal trial.[10] In view of the fact that Clark has demanded a jury trial of the indemnification issue, the court should submit

---

[9] Third-party complainant Clark has appropriately proceeded under GCR 1963, 204 in making its claim against Commodity.

[10] GCR 1963, 505.1, 505.2.

to the jury all issues of fact, theories or defenses presented with appropriate instructions regarding the law.

Reversed and remanded.