INGHAM COUNTY EMPLOYEES ASSOCIATION v YOUNG

Docket No. 54163. Submitted June 11, 1981, at Lansing.—Decided
    September 22, 1981.

Lloyd Shomp, a probationary employee of Ingham County, hired
    to work in the probate court shelter home, was fired and
    formally informed that his final day of work would be April 18,
    1980. On April 8, 1980, he filed a grievance demanding that the
    termination be rescinded because he was being discriminated
    against because of his religion and protesting the other condi-
    tions of employment. Following Shomp's termination the Ing-
    ham County Employees Association (ICEA) filed an action
    against Charles F. Young, Ingham County Personnel Director,
    and Ingham County in Ingham Circuit Court asking the court
    to order the defendants to arbitrate the Shomp grievance. The
    defendants filed a counterclaim, alleging that the plaintiff's
    representation of Shomp violated the collective-bargaining
    agreement. The defendant asked the court to restrain and
    enjoin the ICEA from breaching the contract by continuing to
    represent a probationary employee and moved for summary
    judgment. Jack W. Warren, J., granted the defendants sum-
    mary judgment. The plaintiff appealed alleging that the trial
    court erred by (1) ruling that the ICEA could not seek arbitra-
    tion of the grievance filed on behalf of a probationary employee
    and (2) ruling that the ICEA was contractually barred from
    representing a probationary employee who after his termina-
    tion from employment sought to file a grievance regarding a
    change in working conditions. *Held:*

    1. Summary judgment was proper since the grievance proce-
    dure is available only to "employees" as defined in the agree-
    ment. Shomp was not an "employee" under the agreement.
    After Shomp was terminated he not only had no "conditions of
    employment" to complain of, he was not an employee by
    definition of the agreement and binding arbitration was not

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d Pleading §§ 231, 236.
    70 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 17 Am Jur 2d, Contracts §§ 244, 245.
[3] 5 Am Jur 2d, Arbitration and Award §§ 11 *et seq.*, 54.

available to a probate court employee of any type under the agreement.

2.The ICEA was contractually barred from representing Shomp after his termination from employment notwithstanding the fact that the grievance was couched in terms which would make it fall within the exception provided in the contract.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.
   A motion for summary judgment alleging that the opposing party has failed to state a claim upon which relief can be granted challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone; the reviewing court must accept as true the well-pleaded facts contained in the plaintiff's complaint and determine whether or not these claims are so unenforceable as a matter of law that no possible factual development could justify a right to recovery (GCR 1963, 117.2[1]).

2. CONTRACTS — JUDICIAL CONSTRUCTION.
   Contracts are to be enforced by the courts so as to effectuate the intentions of the parties involved; their intentions are determined by considering the language used in the contract and the situation of the parties and the surrounding circumstances.

3. CONTRACTS — ARBITRATION.
   The arbitrability of an issue in a contract is ascertained through a three-stage inquiry: (1) whether an arbitration agreement in a contract exists between the parties; (2) whether the dispute is arguably covered by the contract and the arbitration clause; and (3) whether the dispute is expressly exempt by the terms of the contract.

*Hankins & Cluck, P.C.* (by *Kenneth P. Tableman),* for plaintiff.

*Cohl, Salstrom & Stoker, P.C.,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendants' motion for summary

* Circuit judge, sitting on the Court of Appeals by assignment.

judgment under GCR 1963, 117.2(1). This case arose from the refusal of defendants to consider a grievance filed by a probationary employee.

On October 30, 1979, Lloyd Shomp was hired by the county to work in the probate court shelter home. During the six-month probationary period, Shomp received unfavorable evaluations from the shelter home caseworker, the shelter home superintendent, and the administrator of placement services for the Ingham County Probate Court.

On April 2, 1980, Shomp was formally informed that his final day of work would be April 18, 1980. He filed a grievance on April 8, 1980, demanding that the termination be rescinded. He filed the grievance because he felt he was being discriminated against because of his religion and to protest the "other conditions of employment".

At the time plaintiff filed its grievance, Shomp was a probationary employee under the provisions of the collective-bargaining agreement between the county and the Ingham County Employees Association (hereinafter referred to as ICEA or the "union").

The complaint in this action was filed after Shomp had been terminated from employment and it asked the court to order defendants to arbitrate the Shomp grievance. Defendants filed a motion for summary judgment alleging that the complaint had failed to state a claim for which relief could be granted and that there was no genuine issue of a material fact, GCR 1963, 117.2(1) and (3). Defendants also filed a counterclaim alleging that plaintiff's representation of Shomp violated the collective-bargaining agreement and asking the court to restrain and enjoin the ICEA from breaching the contract by continuing to represent a probationary employee.

At a hearing on the motion, the ICEA maintained that its representation of Shomp was for the purpose of grieving a condition of employment and not to challenge the termination. Defendants' counsel argued that the ICEA was representing Shomp for purposes of termination or discipline, contrary to the contractual language prohibiting such representation. The trial judge granted defendants' motion based on GCR 1963, 117.2(1).

Plaintiff first asserts that the trial court erred by ruling that the ICEA could not seek arbitration of the grievance filed on behalf of a probationary employee.

A motion for summary judgment based on GCR 1963, 117.2(1) challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. The reviewing court must accept as true the well-pleaded facts contained in the plaintiff's complaint and determine whether or not these claims are so unenforceable as a matter of law that no possible factual development could justify a right to recovery. *Ready v Clark Equipment Co,* 91 Mich App 474, 478; 283 NW2d 650 (1979), *lv den* 407 Mich 888 (1979). Furthermore, any conclusions which may be reasonably drawn from the factual allegations may be considered.

Contracts are to be enforced so as to effectuate the intentions of the parties involved. Their intention is determined by considering the language used in the contract and the situation of the parties and the surrounding circumstances. *Ready, supra,* 478-479.

Here, plaintiff in its prayer for relief requested that the matter be arbitrated as called for by the agreement. It incorporated the provisions of the collective-bargaining agreement into its complaint.

Accepting as true all of plaintiff's well-pleaded facts, the question becomes whether or not it has stated a claim for which relief can be granted.

Article IV of the agreement between defendant Ingham County and the ICEA states:

"*Section 1. Definitions.* The terms 'employee' and 'employees' when used in the Agreement shall refer to and include only those regular, full-time employees and part-time employees *who have completed their probationary period as set forth in this Agreement* and who are employed by the employer in the collective bargaining unit described hereunder". (Emphasis added.)

Thus, at the outset it can be seen that Shomp did not satisfy the definition of "employee".

Article VI(B) states:

"The Union may represent employees during the probationary period with respect to their rates of pay, hours of employment, or other conditions of employment. *However, notwithstanding the above, employees disciplined, terminated or laid off during the probationary period shall not have recourse to the grievance procedure provided for herein and the Union shall not represent them in respect thereto."* (Emphasis added.)

This language is clear and unambiguous. Probationary employees have no right to the grievance procedure. The only exception is that they may bring a grievance regarding pay, hours, or conditions of employment. The general rule clearly states that "notwithstanding the above" there shall be no right to the grievance procedure. As stated by the trial court, the exception cannot be allowed to swallow the rule. Since a probationary employee can be terminated without recourse to the grievance procedure, any grievance he may have had regarding his "other conditions of em-

ployment" becomes moot following his dicharge. The language indicates that the exception applies only to probationary employees who are still employed. Plaintiff here is asserting that Shomp still had a right to file a grievance on "other conditions of employment" despite the fact that he was properly terminated within the meaning of the agreement and despite the fact that these "other conditions" are ostensibly the reasons set forth for his termination. To allow this argument would result in total circumvention of the clear, unequivocal language and intention of the agreement.

Moreover, the grievance procedure for Ingham County Probate Court employees does not provide for binding arbitration. Rather, it is a three-step grievance process wherein the final unappealable decision lies with the Labor Relations Committee of the court. Also, as stated previously, the grievance procedure is available to employees as defined in the agreement. The only time the procedure is available to probationary employees is under the exception. Thus, after Shomp was terminated, he not only had no "conditions of employment" to complain of, he was not an employee by definition of the agreement, and binding arbitration was not available to a probate court employee of any type under the agreement.

Therefore, summary judgment was properly granted defendants. This conclusion does not require the resolution of any factual disputes; it is apparent from reading the unambiguous language of the agreement. See *Brown v Holton Public Schools (After Remand),* 401 Mich 398; 258 NW2d 51 (1977).

Plaintiff also contends that the trial court erred by ruling that the ICEA was contractually barred from representing a probationary employee who after his termination from employment sought to

file a grievance regarding a change in working conditions. Much of the previous analysis is equally applicable here. *American Fidelity Fire Ins Co v Barry,* 80 Mich App 670, 674-676; 264 NW2d 92 (1978), *lv den* 402 Mich 915 (1978), set forth a three-stage inquiry for determining whether or not a matter is arbitrable: (1) whether there exists an arbitration agreement in a contract between the parties; (2) whether the dispute is arguably covered by the contract and the arbitration clause; and (3) whether the dispute is expressly exempt by the terms of the contract.

Although there is an arbitration agreement in the contract between plaintiff and defendants, this portion of the contract does not apply to the probate court employees who, instead, must resort to a three-stage grievance procedure with a final decision rendered by the Labor Relations Committee.

If this were indeed a dispute over "other conditions of employment" it would undoubtedly be covered by the contract, but it would not be covered by the arbitration clause in the instant case because as stated, Shomp was a probate court probationary employee. Additionally, the dispute here is expressly exempted by the terms of the contract. The trial judge correctly determined that plaintiff's argument was a mere bootstrap effort to collaterally attack the termination of a probationary court employee. We therefore conclude that plaintiff was contractually barred from representing Shomp after his termination from employment notwithstanding that the grievance was couched in terms which would make it fall within the exception provided in the contract.

The judgment below is affirmed. Defendants may tax costs.