384 So.2d 167 (1980)
METROPOLITAN DADE COUNTY, Appellant,
v.
Norbert J. STEIN, Appellee.
No. 79-1614.
District Court of Appeal of Florida, Third District.
May 6, 1980.
Rehearing Denied June 27, 1980.
Robert A. Ginsburg, County Atty. and Stanley B. Price, Asst. County Atty., for appellant.
Diaz-Asper, Chulock & Chulock and Robert Yale Chulock, Coral Gables, for appellee.
Before BARKDULL and HUBBART, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
BARKDULL, Judge.
Subsequent to this court's opinion in Metropolitan Dade County v. Stein, 296 So.2d 643 (Fla. 3d DCA 1974), this matter recurred in the trial court for determination of the amount of back pay the wrongfully *168 discharged employee was entitled to. The trial court, in addition to the normal pay and increases, awarded the usual and ordinary merit increases plus attorney's fees for securing the back pay. The County appeals and urges error in granting the merit raises and attorney fees.
As to the merit increase, we affirm because the County regulations provide as follows:
"Administrative Order No. 7-19. Performance Evaluation.
.....
"Employees whose overall evaluation is `unsatisfactory' or `needs improvement' will have their merit increase deferred. Deferrals of merit increases shall be for `specific periods' of time, not to exceed six months; ...
.....
"Employees whose overall evaluation is `satisfactory' or higher shall receive the annual merit increase for which they are eligible under the Pay Plan... .
.....
"The permanent employee, or conditional employee who has completed service equal to probation, who has received an overall evaluation of `unsatisfactory' or `needs improvement', may request an appeal within ten (10) calendar days after receipt of the evaluation by making a request in writing to the Personnel Division Director.
"The Personnel Division Director will appoint a three person supervisory-level panel, none of whom shall be from the appealing party's department, to act as an informal fact-finding committee... ."
.....
To now deny the employee the merit increases would put him in the position of no right of review, as permitted by the County's own regulations.
As to the attorney's fees, they were not provided for by statute until July 1, 1978 [Section 448.08, Florida Statutes (Supp. 1978); Ch. 78-327, General Laws of Florida 1978] and there were no contract provisions calling for attorney's fees. Therefore, under the applicable authority [Kittel v. Kittel, 210 So.2d 1 (Fla. 1967); Campbell v. Maze, 339 So.2d 202 (Fla. 1976); Meyerson v. Cohen, 348 So.2d 930 (Fla. 3d DCA 1977); Dade County v. Grossman, 354 So.2d 131 (Fla. 3d DCA 1978)], there being no contract or statute applicable prior to July 1, 1978, no attorney's fees should have been awarded for services rendered prior to this date. The trial judge recognized he could not award attorney's fees without a statute or contract; however, he felt he could award same under his general equity powers. We find this to be error. Tamiami Abstract and Title Company v. Malanka, 185 So.2d 493 (Fla. 2d DCA 1966); Schwartz v. Biscontini, 187 So.2d 81 (Fla. 3d DCA 1966). However, it appears that the period of time for which the wrongfully discharged employee is recovering back wages extends from March 9, 1972 to June 20, 1979, a part of which is subsequent to July 1, 1978. The recovery of back wages being in the nature of a continuing claim, the wrongfully discharged employee would be entitled to attorney's fees expended on his behalf in securing the back wages for the period subsequent to July 1, 1978. Therefore, we reverse the award of attorney's fees as entered and remand the cause to the trial court with instructions to determine and award the amount of fees, if any, that were earned subsequent to July 1, 1978.
Affirmed in part; reversed in part with directions.