401 So.2d 837 (1981)
Darwin WATERS, Appellant,
v.
The SCHOOL BOARD OF BROWARD COUNTY, FLORIDA and James E. Maurer, Superintendent, Appellees.
No. 79-1744.
District Court of Appeal of Florida, Fourth District.
June 24, 1981.
Rehearing Denied August 4, 1981.
Richard H. Frank and Mark F. Kelly of Law Offices of Frank, Chamblee & Kelly, P.A., Tampa, for appellant.
Edward J. Marko of Marko, Stephany, Lyons & Dow, Fort Lauderdale, for appellees.
MOORE, Judge.
This is an appeal from a final order dismissing appellant's complaint with prejudice. We hold that the complaint failed to state a cause of action and the trial court correctly dismissed it.
The appellant, Darwin Waters, was a school teacher employed by the Broward County Board of Public Instruction. Although the record is not clear, apparently there were some charges lodged by the Board against Waters which, if proved, could have resulted in his dismissal. The Board withdrew the charges pursuant to a settlement in which Waters agreed to continued employment on an annual contract basis in accordance with Section 231.351, Florida Statutes (1975). As part of the settlement, Waters agreed to "cooperate with and assist a committee to be appointed by the Broward Classroom Teachers Association and the Superintendent ... to assist Darwin Waters to improve in any areas in which such committee determines a deficiency exists." Upon recommendation of the Superintendent, the Board refused to renew Waters' annual contract after the first year.
Waters commenced this action against the Board seeking reinstatement to his former position as a school teacher or to a comparable position. His sole ground for *838 this relief was his allegation that the Board and the Superintendent breached the settlement agreement by not forming the committee which was to assist him in correcting any deficiencies which the committee found to exist. There was no allegation that the Board failed to provide Waters with procedural due process, nor was there an allegation that the Board did not have valid reasons for refusing to renew Waters' contract.
The trial court dismissed the complaint with leave to amend. Waters chose not to amend. The trial court then dismissed the complaint with prejudice and this appeal followed.
Waters, in effect, sought a mandatory injunction requiring reinstatement. His complaint, however, failed to allege facts entitling him to such relief. Assuming the Board and the Superintendent were obligated to form a committee with the Classroom Teachers Association, and assuming they breached that obligation, it simply does not follow that the remedy for such a breach is reinstatement, the only relief sought by appellant. Appellant may have had a claim for damages for breach of an agreement, an issue we do not decide, but that breach will not support what is, in effect, a mandatory injunction requiring reinstatement.
Injunctive relief is an extraordinary remedy and will be granted sparingly. There must be an inadequate remedy at law, and injunctive relief will not lie unless irreparable injury will result otherwise. A complainant alleging irreparable injury must state facts which will enable the court to judge whether the injury will in fact be irreparable. Mere general allegations of irreparable injury will not suffice. First National Bank in St. Petersburg v. Ferris, 156 So.2d 421 (Fla. 2nd DCA 1963).
In the present case, the complaint merely alleged a breach of the settlement agreement. The complaint did not contain any allegations of irreparable injury. Mere loss of employment does not constitute irreparable injury. See, Dania Jai-Alai International, Inc. v. Murua, 375 So.2d 57 (Fla. 4th DCA 1979). Assuming, arguendo, a breach of contract, Waters' complaint failed to make the requisite allegations for a mandatory injunction requiring reinstatement. The trial court, therefore, correctly dismissed the complaint.
AFFIRMED.
GLICKSTEIN and HURLEY, JJ., concur.