PER CURIAM.
Appellant Mozingo claims that a settlement agreement between himself and his former employer, Dade County, which resolved a lawsuit challenging his discharge from employment should be rescinded because of an inordinate delay on the part of Dade County in making payment in accord- *847 anee with the settlement terms.[1] He brought this action seeking a declaration of rights and a mandatory injunction for reinstatement to employment. This appeal is from an order of the trial court which granted Dade County’s motion for summary judgment.
We affirm the judgment as to the claim for rescission and reinstatement on authority of Duncan Properties, Inc. v. Key Largo Ocean View, Inc., 360 So.2d 471 (Fla. 3d DCA) (generally, absent fraud, misrepresentation, or undue influence, failure of consideration will not suffice to permit rescission of an instrument), appeal dismissed, 362 So.2d 1054 (FIa.1978); Waters v. School Board of Broward County, Florida, 401 So.2d 837 (Fla. 4th DCA 1981) (complaint for reinstatement to employment after breach of agreement to settle dispute arising out of discharge was dismissed because it failed to allege an inadequacy of legal remedies); and Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985) (settlements are highly favored and will be enforced whenever possible).
We do not reach the second issue on appeal in light of Dade County’s concession that appellant should have an opportunity to amend his complaint to state a cause of action for breach of contract.
Affirmed in part, reversed in part, and remanded for further proceedings.

. After this action for rescission was instituted, a check, admittedly long overdue, was tendered by Dade County. The first tender did not include accrued interest. Some three months later Dade County offered to pay the face amount of the settlement plus accrued interest from the settlement date. The original tender and the later offer were rejected.