501 So.2d 50 (1987)
Fred D. GREENE, Appellant,
v.
The SCHOOL BOARD OF HAMILTON COUNTY, Florida, Appellees.
No. BL-268.
District Court of Appeal of Florida, First District.
January 6, 1987.
Rehearing Denied February 13, 1987.
*51 John D. Carlson, of Gatlin, Woods & Carlson, Tallahassee, for appellant.
Paul Hendrick, Jasper, for appellees.
WENTWORTH, Judge.
Appellant seeks review of an order of the Hamilton County School Board finding that he was not entitled to appointment as principal or director, to a pay adjustment, or to attorney's fees and costs. Appellant contends the board erred in 1) failing to employ him as a director or principal; 2) failing to pay him in accordance with his continuing contract as an administrator; and 3) employing the same attorney to represent it at the administrative hearing and for advice in entering the final order. Appellant contends that upon reversal of this order he is entitled to attorney's fees and costs. We reverse as to the issue of appellant's salary under his continuing contract, and award attorney's fees and costs.
Appellant, a 20-year employee of the School Board of Hamilton County, was director of vocational, technical and adult education from 1970 until 1981. He obtained a continuing contract for that position in 1973. In 1980 appellant was elected superintendent of the school district. He was defeated in the 1984 election, losing to Owen Hinton. Following his defeat, appellant told Hinton he did not want to displace anyone employed by the board in order to enforce his rights under his continuing contract as an administrator. Appellant told Hinton he would accept a temporary teaching position at a salary level equal to that of an administrator until an administrative position opened. During appellant's term as superintendent, the board had assigned Margaret Scaff to the director of vocational, technical and adult education position. Although her contract was not to expire until June 30, 1986, Scaff stated she told Hinton that she was willing to step down from the director position so that appellant could resume his former job.
On his final day as superintendent, appellant nominated himself to fill the recently vacated position of principal of North Hamilton Elementary School. The board tabled the recommendation in order to seek an advisory opinion from the Commission on Ethics as to whether the superintendent could recommend himself for a position. The Commission on Ethics concluded that appellant's actions probably were a misuse of public position, and recommended the board contact the attorney general's office for an opinion. The attorney general's opinion considered appellant's nomination of himself to be violative of common law prohibitions against a public officer appointing himself to office. The board assigned Harry Pennington, then assistant to the principal of North Hamilton Elementary School, to the principal position. The board informed appellant that it had denied his request for transfer to the principal *52 position on grounds that he lacked the proper certification, past experience, and a previous contract for the position of principal. Hinton then assigned appellant to a temporary 10-month position as business education instructor.
The board computed appellant's salary for the temporary position by comparing the salary to which appellant was entitled under his continuing contract as a teacher, taking into consideration his 20 years' service, master's degree and certification in the area of teaching, with the salary he would have made in 1984 had he stayed in his former position as director of vocational, technical and adult education. The board found that appellant's salary under his continuing contract as a teacher, $23,460 for 10 months, was the higher of the two, and assigned him that amount. During appellant's term as superintendent, the director of vocational, technical and adult education position had expanded. Scaff estimated that she devoted only 10 to 20 percent of her time to the duties appellant had performed prior to 1981, when he took office. The board paid Scaff $31,050 for the 12 month period from 1984 to 1985.
Under section 231.36(3)(e), Florida Statutes (1981), the board was obligated to assign appellant to a position "similar" to the position for which he held a continuing contract. Regardless of whether the director and elementary school principal positions were similar, we find the board's decision not to assign appellant to the principal position was proper because appellant was unqualified to hold that position. Appellant's continuing contract as an administrator did not obligate the board to hire him for an administrative level position for which he was not qualified. We do not find that appellant's statements regarding his desire not to displace anyone employed by the board and his willingness to accept a temporary teaching position constituted a waiver of his rights under his continuing contract.
Appellant was entitled to be paid the salary for the position for which his contract was issued, or to which he was assigned, whichever was larger. Osburn v. School Board of Okaloosa County, 451 So.2d 980 (Fla. 1st DCA 1984). The board erred in comparing the salary appellant would have made had he stayed in the director position, performing only the duties he had performed prior to 1981, with the 10-month instructor's salary under his continuing contract as a teacher. The comparison should have been made between the current 12-month salary paid the director of vocational, technical and adult education, and the salary to which appellant was entitled in the teaching position. Based on Scaff's salary of $31,050 for the director's position, the salary for the director's position would have been the higher of the two, and appellant should have been paid that amount.
We conclude accordingly that reversal is required for the foregoing reasons, without consideration of the merits of appellant's third stated issue, supra.
As a prevailing party in an action for unpaid wages, appellant is entitled to attorney's fees and costs pursuant to section 448.08, Florida Statutes (1985) and section 57.041, Florida Statutes (1985).
The order is therefore reversed and the cause remanded for disposition consistent herewith.
BOOTH, C.J., and ZEHMER, J., concur.