544 So.2d 331 (1989)
Muriel J. KRUEGER, Appellant,
v.
SCHOOL DISTRICT OF HERNANDO COUNTY, Florida, Appellee.
No. 88-946.
District Court of Appeal of Florida, Fifth District.
June 8, 1989.
Vernon T. Grizzard of Chamblee, Miles and Grizzard, Tallahassee, for appellant.
Joseph E. Johnston, Jr., of Johnson and Sasser, Brooksville, for appellee.
GOSHORN, Judge.
Muriel J. Krueger appeals an order by the School District of Hernando County denying her request for determination of attorney's fees. We reverse.
Krueger, an elementary school teacher with a continuing contract, was suspended without pay by the school district. The matter was referred to the Division of Administrative Hearings. After making findings of fact and conclusions of law, a hearing officer issued a recommended order. This order was adopted by the school district and resulted in Krueger's reinstatement.
Unfortunately, the recommended order failed to address Krueger's request for attorney's fees. This request was made by Krueger at least four times during the course of the administrative proceedings and was included in her proposed recommended order to the hearing officer. Krueger timely moved the school district to remand to the hearing officer for determination of attorney's fees. This motion was denied. Krueger then filed a renewed motion to remand in which she requested alternatively that the school board itself hold an evidentiary hearing and rule on her request.
The Board, acting through its attorney, issued a notice of hearing entitled "FINAL DETERMINATION OF MOTION FOR ATTORNEY'S FEES." The "hearing" was held at the end of a school board meeting. Krueger was not afforded an opportunity to offer evidence or present testimony. After some general discussion, the board voted to deny both the remand to the hearing officer and the request for attorney's fees.
Krueger's right to attorney's fees, approximating $42,000, is clearly a disputed issue of material fact, thereby entitling her to a formal evidentiary hearing pursuant to Florida's Administrative Procedure Act, *332 § 120.57 Florida Statutes (1987). McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). Thus, the School District erred by denying Krueger's request for determination of attorney's fees in the absence of any evidentiary hearing on this issue. Cohn v. Department of Professional Regulation, 477 So.2d 1039, 1047 (Fla. 3d DCA 1985). See also, Inverness Convalescent Center v. Department of Health and Rehabilitative Services, 512 So.2d 1011, 1015 (Fla. 1st DCA 1987); Friends of Children v. Department of Health and Rehabilitative Services, 504 So.2d 1345, 1348 (Fla. 1st DCA 1987); Venetian Shores Home and Property Owners v. Ruzakawski, 336 So.2d 399, 401 (Fla. 3d DCA 1976).
It therefore follows that it was error not to grant appellant's motion to remand. The appellee is directed to remand appellant's request for attorney's fees to the hearing officer for a formal evidentiary hearing in accordance with § 120.57, Florida Statutes (1987).
REVERSED and REMANDED with instructions.
DAUKSCH, J., and CONRAD, R.F., Associate Judge, concur.