582 So.2d 787 (1991)
The SCHOOL BOARD OF SEMINOLE COUNTY, Florida, Appellant,
v.
Larry MORGAN, et al., Appellees.
No. 90-2133.
District Court of Appeal of Florida, Fifth District.
July 18, 1991.
Ned N. Julian, Jr., of Stenstrom, McIntosh, Julian, Colbert, Whigham & Simmons, P.A., Sanford, for appellant.
David Brooks Kundin, of Meyer and Brooks, P.A., Tallahassee, for appellees.
W. SHARP, Judge.
The School Board of Seminole County appeals from an order confirming an arbitration award which required that teacher Larry Morgan be returned to his position as band director. The School Board argues that the transfer or assignment of teachers is a function to be exercised solely by school officials and that it cannot be impacted by a collective bargaining agreement or rules promulgated by the State Board of Education. We disagree and affirm.
The Seminole Education Association, the labor organization representing teachers, filed a grievance on behalf of Morgan after he was relieved of his duties as band director and reassigned as a general music teacher at the same school. The collective bargaining agreement between the School Board and the Association provides that any dismissal or disciplinary action for continuing contract teachers shall be for just cause in compliance with Florida Statutes. Morgan had a continuing contract with the School Board. The agreement also provides for a two-step grievance procedure and "final and binding" arbitration if the grievance were not satisfactorily resolved.
This matter was taken to arbitration. The arbitrator concluded that Morgan's transfer was a disciplinary action and that *788 the School Board had failed to establish that the transfer was for just cause. That finding is not challenged on appeal. The arbitrator then ordered that Morgan be reassigned to the position of band director. The trial court later confirmed the arbitration award.[1]
The School Board argues that chapters 230 and 231 establish a statutory scheme for management of the public schools and that this statutory scheme vests sole authority in the superintendent, school board and principals to determine assignment of teachers. Thus the School Board argues that 1) it is against public policy to allow the arbitrator to assign Morgan to a particular position; 2) that the collective bargaining agreement cannot limit or abridge the authority of the School Board and that any such provision, even though collectively bargained for, would be invalid;[2] and 3) the rules of the State Board of Education cannot limit the authority of school officials in the administration and management of the school systems.[3]
The School Board is correct that chapters 230 and 231 set out a statutory plan for management of the public schools. However, there is nothing in these chapters which provides that the authority of school officials is unbridled. For example, section 231.36 provides that the school board of each district must provide contracts to members of its staff. This section also provides important safeguards for continuing contract teachers, such as Morgan. For instance, a continuing contract teacher may be suspended or dismissed; however, the charges against him or her must be based on immorality, misconduct in office, incompetence, gross insubordination, willful neglect of duty, drunkenness, or conviction of a crime involving moral turpitude. § 231.36(4)(c), Fla. Stat. (1989). If the charges are not sustained, the teacher must be immediately reinstated and back salary must be paid. Thus the public policy of Florida clearly recognizes the property rights of continuing contract teachers and there is no intent that school officials be given unbridled discretion to deal with such teachers.[4]
School Board of Seminole County v. Cornelison, 406 So.2d 484 (Fla. 5th DCA 1981), rev. denied, 421 So.2d 67 (Fla. 1982), and Lake County Education Association v. School Board of Lake County, 360 So.2d 1280 (Fla. 2d DCA), cert. denied, 366 So.2d 882 (Fla. 1978), relied on by the School Board, are distinguishable from this case. In Cornelison, this court held that the arbitrator was without authority to require renewal of a contract for a nontenured teacher in the absence of a specific provision allowing this in the collective bargaining agreement. In Lake County, the court held that a school board had no authority to include in a collective bargaining agreement a provision that a nontenured teacher may only be denied reappointment upon proper cause. Both cases involved nontenured teachers. They hold that a decision to renew contracts for nontenured teachers is exclusively within the discretion of the school board by law[5] and cannot be bargained away or limited by a collective bargaining agreement.
However, continuing contract teachers are afforded certain safeguards by *789 law[6] and the administrative rules promulgated by the State Board of Education. Collective bargaining agreements may operate within the penumbra of those statutes and rules. Here, the limitation was against allowing transfers of individuals for purely disciplinary reasons, and in this case, "without just cause." The only remedy in this situation is to reassign the individual back to his original position. That is not a usurpation of the School Board's or superintendent's power to make initial assignments.
AFFIRMED.
GOSHORN, C.J., and COWART, J., concur.
NOTES
[1] § 682.12, Fla. Stat. (1989).
[2] The Florida Constitution guarantees public employees the right of effective collective bargaining. Art. 1, § 6, Fla. Const. The right to bargain collectively was intended to and does benefit all employees, public as well as private. Hillsborough County GEA v. Aviation Authority, 522 So.2d 358 (Fla. 1988). The right to bargain collectively is a fundamental right and as such, it is subject to official abridgment only upon a showing of a compelling state interest.
[3] Rule 6B-4.006(4) of the Florida Administrative Code provides that reassignment of instructional personnel shall not be used as a punitive measure.
[4] The School Board also argues that the superintendent cannot be bound by the decision of the arbitrator because the superintendent is not a party to the agreement. The collective bargaining agreement was negotiated by the School Board; by law, the superintendent is the secretary and executive officer of the School Board. § 230.03(3), Fla. Stat. (1989). We also note that the superintendent signed the collective bargaining agreement.
[5] § 231.36(3)(e), Fla. Stat. (1989).
[6] In Lake County, the court noted that teachers who have acquired tenure are afforded certain protections. 360 So.2d at 1284, n. 2.