599 So.2d 220 (1992)
Thomas M. WERTHMAN, Appellant,
v.
SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA, Appellee.
No. 91-1821.
District Court of Appeal of Florida, Fifth District.
May 15, 1992.
John J. Chamblee, Jr., Tampa, for appellant.
Ned N. Julian, Jr., Stenstrom, McIntosh, Julian, Colbert, Whigham & Simmons, P.A., Sanford, for appellee.
PER CURIAM.
Thomas Werthman (Werthman) appeals from a final order issued by the School Board of Seminole County, Florida (the Board), denying him back pay for the 1991 summer session and denying him reimbursement for the costs and attorney's fees that he incurred in connection with the reinstatement hearing. We affirm.
*221 Werthman was employed by the Board as a teacher at Lake Brantley High School. In May 1990, the Board suspended him without pay based on allegations of sexual misconduct involving a student. Werthman requested and was granted an administrative hearing under Chapter 120, Florida Statutes (1989), in connection with the termination proceeding brought by the Board under section 231.36(3)(e), Florida Statutes (1989). The hearing officer found that the evidence failed to support the Board's allegations and recommended to reinstate Werthman to his position and to award him the back pay and benefits which had been withheld from the date of his suspension.
Based on the hearing officer's recommendations, Werthman applied to the Board for reinstatement and requested attorney's fees under sections 230.234 and 448.08, Florida Statutes (1989). Werthman also sought "payment of all monies he would have earned teaching summer school but for his suspension." The Board voted unanimously to adopt the hearing officer's recommendations and reinstated Werthman in April 1991. The Board initially assigned Werthman to the Student Museum in Sanford, Florida and retained jurisdiction for the purpose of determining Werthman's entitlement to benefits and fees.
At a special hearing on June 6, 1991, the Board considered the testimony of three witnesses, including Werthman, concerning the likelihood that Werthman would have taught summer school at Lake Brantley in 1990 but for his suspension. The Board also considered whether Werthman would have been able to teach summer school at Lake Brantley during the 1991 summer session despite his reassignment to the Student Museum in Sanford. Although Werthman testified that his "understanding" was that he could not apply to teach summer school at Lake Brantley unless he was teaching in that system, he admitted that he had not applied anywhere to teach summer school for the 1991 summer session.
At a second hearing on July 16, 1991, the Board awarded Werthman back pay for the 1990 summer session after finding that he would have taught summer school during 1990 but for his suspension. However, the Board found that Werthman was not entitled to back pay for the 1991 summer session. The Board further denied Werthman's request for attorney's fees and costs after the Board's Special Counsel advised them that the law provided no basis for such an award.
On appeal from the Board's final order, Werthman contends that he was entitled to an award of attorney's fees and costs under section 448.08, Florida Statutes (1989), which provides:
The court may award to the prevailing party in an action for unpaid wages [the] costs of the action and a reasonable attorney's fee.
However, Werthman's reliance on this statute is misplaced. Section 448.08 provides for the payment of attorney's fees in an "action" involving accrued, but unpaid wages. We decline to extend its reach to administrative proceedings such as those involved here. See Chavez v. City of Tampa, 560 So.2d 1214 (Fla. 2d DCA), review denied, 576 So.2d 285 (Fla. 1990). We note that other courts have utilized this statute to award attorney's fees in connection with administrative proceedings. See Greene v. School Bd. of Hamilton County, 501 So.2d 50 (Fla. 1st DCA 1987); Doyal v. School Bd. of Liberty County, 415 So.2d 791 (Fla. 1st DCA 1982). Cf. Metropolitan Dade County v. Stein, 384 So.2d 167 (Fla. 3d DCA 1980). However, none of these cases expressly considers whether an administrative hearing is the equivalent of an "action" within the meaning of section 448.08. Furthermore, none of these cases involves termination proceedings brought by a school board under Chapter 231, which does not involve proceedings to recover "unpaid wages," except in the most tangential sense.
Werthman also contends that he was entitled to attorney's fees under section 230.234, Florida Statutes (1989), which provides in pertinent part:
The school boards of the several districts are authorized to provide legal services *222 for officers and employees of said boards who are charged with civil or criminal actions arising out of and in the course of the performance of assigned duties and responsibilities. The school board shall provide for reimbursement of reasonable expenses for legal services for officers and employees of said boards who are charged with civil or criminal actions arising out of and in the course of the performance of assigned duties and responsibilities upon successful defense by the employee or officer.
As with section 448.08, we find that the term "civil actions" as plainly used in section 230.234 does not encompass an administrative termination proceeding initiated by a school board. Cf. Sulcer v. McFatter, 497 So.2d 1349 (Fla. 4th DCA 1986).
In considering whether Werthman was entitled to attorney's fees for the successful defense of his termination proceeding, we find that the language of section 231.36(6)(a), Florida Statutes (1989) is compelling. Section 231.36(6)(a) provides that "if the charges are not sustained, [the employee] shall be immediately reinstated, and his back salary shall be paid." If the legislature had intended for an award of attorney's fees as an additional remedy for wrongful termination, we believe that they would have so provided.[1] As a result, we find that under this statute, reinstatement and back pay are the extent of Werthman's remedy.
At oral argument, Werthman argued and the School Board acknowledged that we had previously approved an award of attorney's fees in a termination proceeding in Krueger v. School Dist. of Hernando County, 544 So.2d 331 (Fla. 5th DCA 1989). However, Krueger does not hold that the Administrative Procedure Act[2] provides an absolute right to attorney's fees in wrongful termination cases. In Krueger, the school board conceded that the teacher had a right to seek discretionary attorney's fees. At least a portion of the fees in Krueger were sought under section 120.57(1)(b)(5), which provides for fees as a sanction for the failure to comply with discovery orders. Therefore, Krueger only addressed whether the school board could determine attorney's fees without an evidentiary hearing before a hearing officer. Consequently, Krueger does not control in the instant case.
Based on the above analysis, we find that sections 448.08 and 230.234 of the Florida Statutes do not apply to termination proceedings brought by a school board. Accordingly, we affirm the Board's denial of attorney's fees and costs to Werthman under these statutes.
Werthman's final contention is that he was entitled to back pay for the 1991 summer session. However, because the Board reinstated Werthman before the 1991 summer session began and because he failed to apply for a position to teach summer school during 1991, we also affirm the Board's denial of back pay for the 1991 summer session.
AFFIRMED.
GOSHORN, C.J., COBB, J., and JOHNSON, W.C., Jr., Associate Judge, concur.
NOTES
[1] It is a maxim of statutory construction that when certain things are itemized in a law, the intention to exclude items not mentioned may be inferred.
[2] Ch. 120, Fla. Stat. (1989).