646 So.2d 766 (1994)
Charlie C. DAVIS, Appellant,
v.
The SCHOOL BOARD OF GADSDEN COUNTY, Appellee.
No. 93-107.
District Court of Appeal of Florida, First District.
November 7, 1994.
*767 David Brooks Kundin, of Dobson & Kundin, Tallahassee, for appellant.
Deborah J. Stephens, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee.
BENTON, Judge.
Charlie C. Davis, until recently a school custodian, appeals a final order of the School Board of Gadsden County, which awarded him back wages, but refused him reinstatement and denied his request for attorney's fees and costs. We affirm the School Board's order insofar as it determined that, because Mr. Davis was falsely accused, he was wrongly deprived of the opportunity to finish out the term of his 1991-1992 contract. In light of the Board's finding that it would have renewed his contract, but for the charges of which he was exonerated, we reverse the portion of the order denying relief for the non-renewal,[1] even though "Florida law does not create a protected property interest for employees in ... non-tenured, non-certified, non-instructional year to year position[s] subject to an annual notice of appointment." Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1186 (11th Cir.1985). While school boards have authority to pay fees and costs incurred by employees in circumstances like these, we do not find that the Board abused its discretion in denying the request here.

False Charges
After a group of school girls accused appellant of speaking to them inappropriately, Robert Bryant, Superintendent of Schools for Gadsden County, recommended Mr. Davis' dismissal. Factfinding took place in a formal administrative proceeding conducted in accordance with the Administrative Procedure Act, sections 120.50 et seq., Florida Statutes. As the "agency head," the school board had the option to conduct the hearing itself. Instead, it elected to request a hearing officer from the Division of Administrative Hearings, in accordance with section 120.57(1)(b)3., Florida Statutes. Section 120.57(1), Florida Statutes, applied, since material facts were in dispute: Mr. Davis consistently denied the allegations.
In due course, the hearing officer entered a recommended order, crediting Mr. Davis' *768 account and rejecting the students' accounts as unworthy of belief.[2] The recommended order found
[I]f these false allegations had never been made or had not been relied on by Bryant, Davis would have had his annual contract renewed, just like he had for the previous eighteen years.[3]
The School Board's lawyer took no exception to any fact found by the hearing officer, and the School Board entered a final order explicitly accepting the recommended order's fact findings.
School boards and school superintendents have well-recognized prerogatives in hiring and firing school personnel who are on annual contracts, and in declining to renew such contracts. Section 231.36(3)(e), Florida Statutes, has been said to place "a decision to renew contracts for nontenured teachers ... exclusively within the discretion of the school board," School Board of Seminole County v. Morgan, 582 So.2d 787, 788 (Fla. 5th DCA 1991), assuming certain preliminary recommendations by the superintendent.[4] Our sister courts have concluded that a school board has no authority to agree "to transfer the ultimate responsibility for reappointment of nontenured teachers to an arbitrator." Lake County Educ. Ass'n v. School Bd. of Lake County, 360 So.2d 1280, 1284 (Fla. 2d DCA) cert. denied, 366 So.2d 882 (Fla. 1978). Accord School Bd. of Seminole County v. Cornelison, 406 So.2d 484, 486-87 (Fla. 5th DCA 1981).

Appropriate Relief
But these prerogatives must be exercised in keeping with the Administrative Procedure Act of 1974, sections 120.50 et seq., Florida Statutes (1993) [APA], which governs school boards and other state agencies alike. Mitchell v. Leon County School Bd., 591 So.2d 1032 (Fla. 1st DCA 1991); Witgenstein v. School Bd. of Leon County, 347 So.2d 1069 (Fla. 1st DCA 1977). While preserving the school board's "ultimate responsibility for reappointment," Lake County Education Ass'n v. School Board of Lake County, 360 So.2d 1280, 1284 (Fla. 2d DCA) cert. denied, 366 So.2d 882 (Fla. 1978), the APA also requires school boards to act in keeping with facts found in administrative proceedings.
Among the facts established in the present proceeding was that Davis' "annual contract had been renewed yearly for the preceding eighteen years," that he "had always received satisfactory job ratings," and that "[t]he clear fact is that Davis' contract would have been renewed [for the 1992-1993 school year] but for these wrongful allegations." The Board's order cannot be squared with these findings.[5]
*769 In this regard, the procedure recounted in Werthman v. School Board of Seminole County, Florida, 599 So.2d 220 (Fla. 5th DCA 1992) is instructive. The main focus of the Werthman decision was the lack of a basis for reversing the school board's denial of attorney's fees and costs. But the opinion also describes the manner in which the extent of relief on the merits was arrived at: The school board denied back pay for the 1991 summer session because it was not persuaded the employee would have worked that summer, but "the Board awarded Werthman back pay for the 1990 summer session after finding that he would have taught summer school during 1990 but for his [wrongful] suspension." At 221. The question was not whether Werthman had a property right or a right under his contract to summer employment. He did not. The determinative question was whether he would have been employed in fact.
Here Mr. Davis' contract did not require his reappointment for the 1992-1993 school year any more than it did for the 1991-1992 school year or any of the others in the chain stretching back to the initial hire. Just as Werthman had no right to summer employment, Mr. Davis had no proprietary or contractual right to renewal of his annual contract. But the Board (and the hearing officer) found, as a matter of fact, that Mr. Davis would have been reappointed, if he had not been named in the accusations which the Board now finds to be false. Unlike Waters v. School Board of Broward County, 401 So.2d 837 (Fla. 4th DCA 1981), this is a case where "there [was not only] an allegation [but also proof] that the Board did not have valid reasons for refusing to renew." 401 So.2d at 838. Unless the agency's final order accomplishes, as nearly as possible, the reappointment that would in fact have taken place, the final order falls short; the School Board's order failed fully to take into account fact findings in the recommended order, findings that it adopted in full.
The School Board's reliance on Chase v. Pinellas County School Board, 597 So.2d 419 (Fla. 2d DCA 1992) is misplaced. The school board that employed Chase properly "exercis[ed] its discretion to increase the hearing officer's recommended penalty," at 420, where the facts demonstrated misconduct. No penalty of any kind is authorized in the present case, even though the School Board's order effectively imposes one. As the reviewing court, we have an obligation, under section 120.68(13)(a), Florida Statutes (1993), to "provide whatever relief is appropriate," and to "[o]rder such ancillary relief as the court finds necessary to redress the effects of official action wrongfully taken or withheld." § 120.68(13)(a)2., Fla. Stat. (1993).

Attorney's Fees
Section 448.08, Florida Statutes (1993) provides that a "court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." (Emphasis supplied.) Proceedings like these have been held not to fall within the statutory category. Werthman v. School Board of Seminole County, 599 So.2d 220 (Fla. 5th DCA 1992). But cf. Doyal v. School Board of Liberty County, 415 So.2d 791 (Fla. 1st DCA 1982).
The School Board's final order found that appellant did not demonstrate entitlement to attorney's fees. While the School Board could lawfully have reimbursed appellant for the attorney's fees he incurred, Krueger v. School District of Hernando County, 544 So.2d 331 (Fla. 5th DCA 1989); Sulcer v. McFatter, 497 So.2d 1349 (Fla. 4th DCA 1986), we do not have authority to require it, and we do not disturb the School Board's refusal to make such an award.
In order to provide all relief to which the Board's findings established appellant's entitlement, however, we reverse and remand for further proceedings consistent with this opinion.
JORGENSON, Associate Judge, concurs.
BARFIELD, J., concurs and dissents with written opinion.
*770 BARFIELD, Judge, concurring and dissenting.
I agree to affirm the denial of Mr. Davis's request for attorney fees and costs. In disagreeing with the majority on the other issue presented, I do not suggest that Mr. Davis not receive his back pay for the remainder of the 1991-92 annual contract. We need not address that question, because the Board agreed in its final order that Mr. Davis was to get his back pay, and no one has challenged that ruling on appeal.
What is at issue is Mr. Davis's contention that he is entitled to a contract renewal for the 1992-93 year because he had worked for the school board for eighteen years. The hearing officer found that the Board would have renewed Mr. Davis's annual contract had he not been accused of wrongdoing. The Board accepted this factual finding, and we do not disturb it on appeal. A review of the record, however, suggests that the Board's acceptance of this finding was probably an oversight, since there is no competent substantial evidence to support it. Nevertheless, we may assume that the Board likely would have renewed Mr. Davis's contract, if it had been placed in a position to do so.
The Board took exception to the hearing officer's conclusion of law that it had an obligation, legally and morally, to restore Davis to the position he would have been in had the incident not occurred, including reinstatement for the following school year. It asserted that the "Board can only act on the recommendation of the superintendent" who "had not and has not made a recommendation that Mr. Davis be reappointed for the 1992-1993 school year." The Board is correct. Sections 230.23(5)(a) and 230.33(7)(a), Florida Statutes (1991), provide that the school board may not employ personnel absent a written nomination from the superintendent, except upon three successive rejections of nominees for good cause or upon failure of the superintendent to nominate within the time provided by law. This court has the authority only to enforce the Board's legal obligations to Mr. Davis; it has no authority to enforce any moral obligation the Board might have to reinstate him.
The majority overcomes the legal obstacle to its desire for moral righteousness by creating a finding of fact (see footnote 4) "that Superintendent Bryant would have recommended renewal of the contract" and attributing it to the hearing officer by implication. It is clear that no such finding was made by the hearing officer, nor could it have been made, since there is no competent substantial evidence to support such a finding. The record discloses that the question was put to the superintendent, who refused to agree that he would recommend renewal, and reaffirmed that the Board could not renew Mr. Davis's contract without his recommendation to that effect.
DIRECT EXAMINATION:
Q. And you basically had the final authority for recommendations as to who would or would not be renewed?
A. That is one of the superintendent's responsibilities under the statutes, yes.
Q. Were you aware of the length of Mr. Davis' employment contract?
A. Yes, I am. The length of all our noninstructional personnel would be for a year the same as our school administrators.
Q. And when would their contracts expire?
A. Would expire June 30th of the current year.
Q. When the contract expires, does the employee have any entitlement to continued employment at that time?
A. No; none whatsoever.
* * * * * *
CROSS EXAMINATION:
Q. So you did not take any action, and the school board had not taken any action to nonrenew Mr. Davis, correct?
A. The school board does not take any action renewing anybody unless the superintendent presents that to them.
* * * * * *
Q. Now, why is it that if Mr. Davis is found not to have done these things, that you still take the position that he should not be returned to his job? Explain that.

*771 A. I don't know that has been determined.
Q. That's not your position?
A. I have not received anything that tells me that.
Q. So if the result of this hearing is that Mr. Davis is found innocent, is he entitled to have his job back?
A. That's a hypothetical question. I don't know whether I can answer that question at this time.
Q. Is he entitled to have his job back if he didn't do these things?
A. That's your position, sir... . I would take everything into consideration with the information that I have, and then make a recommendation to the school board.
* * * * * *
REDIRECT EXAMINATION:
Q. Are there some steps you have to take for renewal to occur?
A. Yes. A principal must recommend to the superintendent those persons on annual contract, and if the superintendent concurs with those, then he makes a recommendation to the school board. The school board approves that recommendation and that person is hired for another year.
Q. So how is Mr. Davis' situation different?
A. Mr. Davis' situation was that the principal did not have to make a recommendation to me inasmuch as my level supersedes that of the principal. And inasmuch as I am legally, by statute, the one that actually makes recommendations to the board, then I did not make that recommendation. If I do not make a recommendation to the board, then the board has nothing to act on. So therefore there is no recommendation made for the employment for the ensuing year.
Section 120.57(b)10, Florida Statutes (1991), provides that all findings of fact by the hearing officer must be supported by competent substantial evidence in the record. This includes implicit findings of fact. Kelly v. Department of Health and Rehabilitative Service, 617 So.2d 756 (Fla. 1st DCA 1993).
While it is true that "the primary objective of every court is to administer simple justice," the mistaken belief that justice will be better served by an attempt to ferret it out from the appellate court's view of a cold record, in complete disregard of established law and the court's proper province, is the sepsis that eats away at the integrity of the appellate review function. See Glass v. Parrish, 51 So.2d 717 (Fla. 1951).
NOTES
[1] Although the case has outlasted the 1992-1993 contract year, no factual predicate has so far been developed for any decision concerning renewal for any successive year. On remand, appellant is entitled to the wages he would have earned during the 1992-1993 contract year less any sums he earned or reasonably could have earned in that period.
[2] The hearing officer concluded that the evidence "fell woefully short" of meeting the Board's burden of proving by a preponderance of the evidence that the superintendent's recommendation for termination was for just cause, and that the Board's failure to identify the rule allegedly violated "would mandate dismissal of the charges" even if the Board had carried its burden of proof on the factual allegations. She concluded that the Board's rules require that the superintendent's recommendation for termination "give good and sufficient reason therefore [sic]," but that Bryant's reason "was neither good nor sufficient" because it was "not based on a complete investigation nor on a reasonable review of all the facts that were gathered," and that "[s]uch a slipshod and inadequate investigation and determination by Bryant is inexcusable when a longterm and respected Board employee's reputation and livelihood stands [sic] to be forever destroyed."
[3] The hearing officer rejected "[a]ny position to the contrary as fallacious and farfetched."
[4] Implicit in the finding that "Davis would have had his annual contract renewed, just like he had for the previous eighteen years," is a finding that Superintendent Bryant would have recommended renewal of the contract, in accordance with sections 230.23(5)(a) and 230.33(7)(a), Florida Statutes, but for the charges ultimately proven false. This case raises no question regarding the prerogatives of school superintendents vis-a-vis school boards. See generally Spurlin v. School Bd. of Sarasota County, 520 So.2d 294 (Fla. 2d DCA 1988); Von Stephens v. School Bd. of Sarasota County, 338 So.2d 890 (Fla. 2d DCA 1976).
[5] Despite the disclaimer, the dissent amounts to little more than a thinly veiled attack on a finding of fact that appellee itself made. The testimony which the dissent quotes at length does nothing to undercut that finding. To the contrary, the testimony, which at best can be characterized as evasive and nonresponsive, merely points out that the superintendent made no recommendation because Davis' guilt or innocence had not yet been established. The Board's remedy, if it concluded that a finding of fact in the recommended order lacked substantial support in the evidence, was to reject the finding in its final order. § 120.57(1)(b)10, Fla. Stat. Here the Board not only did not reject the finding that it would have renewed Davis' contract, but for the false allegations; it affirmatively adopted the finding. On appeal for the first time is neither the time nor the place to sift the evidence on a subsidiary factual point which the appellant did not raise and the appellee has no right to raise.