655 So.2d 234 (1995)
Joseph A. STRASSER, Appellant,
v.
CITY OF JACKSONVILLE, FLORIDA, a body politic, Appellee.
No. 94-55.
District Court of Appeal of Florida, First District.
June 6, 1995.
*235 William G. Cooper and Tracy K. Arthur of Coker, Myers, Schickel, Cooper and Sorenson, P.A., Jacksonville, for appellant.
Cheryl R. Peek, Asst. Gen. Counsel of Office of Gen. Counsel, Jacksonville, for appellee.
LAWRENCE, Judge.
Joseph Strasser (Strasser) appeals a final order denying him attorney's fees incurred in litigating a suit for declaratory and supplemental relief, in which he prevailed. We reverse.
Strasser was an appointed at-will employee of the City of Jacksonville (City). His employment was governed by the Consolidated City of Jacksonville Appointed Officials and Employees Salary and Employment Plan (Plan). The Plan provided that an employee was to be paid for all accrued unused annual leave credits upon the employee's separation, and also provided that earned annual leave credits could be used for a purpose other than periodic vacation when authorized by the appointing authority.
When the new mayoral administration decided to terminate his employment, Strasser was offered the option of receiving payment for his annual leave credits in lump sum or by remaining on the City payroll until such credits were exhausted. He elected the latter, which the City approved. The City subsequently reversed its policy of allowing employees to elect, at termination or resignation, the option of remaining on the payroll until all annual leave credits were expended. The City removed Strasser from the payroll, placed him on retirement leave, and direct-deposited into his account a lump sum payment (less taxes) for the balance of his annual leave. When the City refused to honor its earlier agreement, Strasser sought declaratory relief. The trial court found that a contract existed between the parties, that the City breached the contract by paying Strasser his accrued leave in lump sum form and dropping him from the payroll, and that Strasser was entitled to reinstatement to the payroll until his accrued annual leave was exhausted (i.e., 98.33 days). The City appealed and this court per curiam affirmed in City of Jacksonville v. Strasser, 638 So.2d 939 (Fla. 1st DCA 1994).
Strasser moved for attorney's fees pursuant to section 448.08, Florida Statutes (1991). The trial court denied the motion, finding the issue at trial did not involve an action for "unpaid wages" within the meaning of the statute but involved the manner in which a city employee would be paid for unused annual leave credits. This appeal followed.
Strasser argues the trial court erred in denying him attorney's fees because the relief the trial court gave him constitutes an award of "unpaid wages" within the meaning of section 448.08, Florida Statutes. The City responds that Strasser never proved any wages were left "unpaid" and that the amount the City attempted to pay him represented *236 full payment of the amount of benefits which had vested. The City further argues that Strasser cannot claim as "unpaid" those leave days which have not yet accrued or are to be paid in the future. We agree with Strasser and reverse.
Section 448.08, Florida Statutes (1991), provides: "[t]he court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Initially, we find that annual leave credits qualify as "wages" within the meaning of the statute. Similar to vacation pay, annual leave credits constitute compensation due Strasser under an employment contract with the City for services performed, and such credits ultimately translate into wages. See Coleman v. City of Hialeah, 525 So.2d 435 (Fla. 3d DCA), review denied, 536 So.2d 243 (Fla. 1988).
We further find that, by bringing the suit below and securing reinstatement to the payroll, Strasser not only received additional "non-wage" benefits (i.e., better retirement benefits, health insurance, decreased tax liability), but also received additional annual leave credits. Review of the record indicates Strasser would continue to accrue annual leave and holiday time while "running out" his accumulated leave credits on the payroll. Thus, by prevailing in the action below, Strasser secured additional wages, to which he was entitled under the parties' contract, but which the City would not otherwise have paid.
Accordingly, we REVERSE and REMAND to the trial court for determination of a reasonable amount of attorney's fees.
JOANOS, J., concurs.
BENTON, J., dissents with written opinion.
BENTON, Judge, dissenting.
The order on plaintiff's motion for attorney's fees succinctly set out the circuit court's rationale for denying the motion:
[T]he issue addressed at trial did not involve an action for "unpaid" wages as that term is defined by § 448.08, Florida Statutes, but involved a dispute in the manner in which a City employee would be paid for unused annual leave credits. There was never any dispute as to the amount of unused annual leave credits or that the City was obligated to pay the same.
Appellant's allegation in the main case was not that he had not been paid: He sued because he had been paid. The final judgment in the main case found that, upon his retirement:
Plaintiff Strasser selected an option, which he was not legally required to do and further refrained from taking a lump-sum payment of his benefits, something he had a right to do... .
... It is undisputed that the City unilaterally repudiated the formed contract by depositing a check in the sum of $4,105.80 directly into Plaintiff's bank account without Plaintiff's authorization.
Strasser v. City of Jacksonville, No. 92-00714 CA (Fla. 4th Cir.Ct. Oct 21, 1992), aff'd, 638 So.2d 939 (1994) (emphasis added). The court found that the City had breached a separate, oral contract regarding the mode of disbursement, not appellant's underlying contract of employment. The final judgment in the main case required that Mr. Strasser tender a sum certain to the City.
The City had paid appellant the full monetary value of annual leave credits that had accrued. As the majority concedes, better retirement benefits, health insurance, and decreased tax liability are not wages within the meaning of the statute. See Coleman v. City of Hialeah, 525 So.2d 435 (Fla. 3rd DCA 1988) ("an action ... for unpaid employee disability benefits is not an action for `unpaid wages' within the meaning of Section 448.08, Florida Statutes"), review denied, 536 So.2d 243. Neither are annual leave credits which "have not yet accrued," ante, at 236, properly treated as "unpaid wages."
Today's decision cannot, moreover, be squared with recent precedent from this court. Davis v. School Bd. of Gadsden County, 646 So.2d 766 (Fla. 1st DCA 1994) (wages public employee would have earned if not wrongfully discharged treated as damages, not as "unpaid wages" requiring award of attorney's fees). Accord Werthman v. School Bd. of Seminole County, 599 So.2d 220 *237 (Fla. 5th DCA 1992). Contra Pena v. Dade County, 648 So.2d 1199 (Fla. 3rd DCA 1994). I respectfully dissent.