664 So.2d 959 (1995)
DADE COUNTY, etc., Petitioner,
v.
Humberto PENA, Respondent.
No. 85023.
Supreme Court of Florida.
December 14, 1995.
Robert A. Ginsburg, Dade County Attorney and John McInnis, Assistant County Attorney, Miami, for Petitioner.
Phillip J. Goldstein of the Law Offices of Phillip J. Goldstein, P.A., Miami, for Respondent.
HARDING, Justice.
We have for review Pena v. Dade County, 648 So.2d 1199 (Fla. 3d DCA 1994), in which the Third District Court of Appeal certified conflict with the opinions in Werthman v. School Board of Seminole County, 599 So.2d 220 (Fla.5th DCA 1992) and Davis v. School Board of Gadsden County, 646 So.2d 766 (Fla. 1st DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The Third District Court of Appeal held that Humberto Pena was entitled to attorney's fees under section 448.08, Florida Statutes (1985), for his appeal to an administrative board, where he successfully petitioned for reinstatement as a county bus operator. Because Pena's administrative appeal was *960 not an "action for back wages" as explicitly required by section 448.08, we quash the decision below.
Pena was dismissed from his job as a bus operator for Metropolitan Dade County's Metro Dade Transit Agency (MDTA) after his bus struck a pedestrian and a parked car, and post-accident toxicology tests revealed the presence of a tranquilizer in his blood. Pursuant to section 2-47, Code of Metropolitan Dade County, Pena appealed his dismissal to the County Manager.
The County Manager accepted the hearing officer's recommendation that Pena's dismissal be reduced to a thirty-day suspension: he reinstated Pena as a bus driver and ordered back pay for the period between his dismissal and subsequent reinstatement, less thirty days for the suspension. When Pena and MDTA were unable to agree on the amount of back pay owed, Pena filed an action in circuit court seeking not only a determination of the amount of back pay owed, but also attorney's fees for the circuit court action and for fees incurred in the administrative appeal of the disciplinary action.
Court-ordered mediation resulted in an agreement as to the amount of back pay owed. The court determined that section 448.08 entitled Pena to attorney's fees for the action at law, but not for the administrative appeal.
On appeal, the Third District Court of Appeal reversed the circuit court's order and held that section 448.08 also applied to the administrative proceeding which resulted in Pena's reinstatement. The district court relied on its earlier decision in Metropolitan Dade County v. Stein, 384 So.2d 167 (Fla. 3d DCA 1980), but certified direct conflict with Werthman v. School Board, 599 So.2d 220 (Fla. 5th DCA 1992), and Davis v. School Board, 646 So.2d 766 (Fla. 1st DCA 1994), on this issue.
This Court follows the "American Rule" that attorney's fees may only be awarded by a court pursuant to an entitling statute or an agreement of the parties. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1148 (Fla. 1985), modified, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). The statute Pena relies upon in the instant case provides: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." § 448.08, Fla. Stat. (1985).
A general rule of statutory construction in Florida is that courts should not depart from the plain and unambiguous language of the statute. Citizens of State v. Public Serv. Comm'n, 425 So.2d 534, 541-42 (Fla. 1982). Moreover, it is also a well-established rule in Florida that "statutes awarding attorney's fees must be strictly construed." Gershuny v. Martin McFall Messenger Anesthesia Professional Ass'n, 539 So.2d 1131, 1132 (Fla. 1989).
Both of the cases cited by the district court as conflicting dealt with administrative proceedings to overturn terminations within a public school setting. Werthman, which was explicitly followed by Davis, held that "termination proceedings brought by a school board under Chapter 231 ... [do] not involve proceedings to recover `unpaid wages,' except in the most tangential sense." Werthman, 599 So.2d at 221. We approve both of these cases to the extent that they interpret section 448.08 to require a literal "action for back wages" as a prerequisite to recovery.
In the instant case, Pena sought reinstatement before the administrative tribunal, claiming he was wrongfully dismissed. This was not an action for back wages. At the administrative level, any claim as to whether Pena was entitled to receive back wages was purely tangential to the determination of his right to reinstatement. Whatever back pay Pena ultimately received as part of the relief granted does not change the underlying nature of the administrative claim filed. Section 448.08 is clear and unambiguous on its face: there must be "an action for back wages," section 448.08, Florida Statutes (1985) (emphasis added), to implicate the statutory entitlement.
For the reasons stated above, we quash the decision of the district court and remand for proceedings consistent with this opinion.
It is so ordered.
*961 GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.