THOMPSON, Judge.
F. Larry Joseph appeals an order entered pursuant to section 448.08, Florida Statutes, awarding attorney’s fees to Commonwealth Land Title Insurance Company* 'Joseph’s former employer. We reverse based on our determination that section 448.08* which allows a court to award attorney’s fees to the prevailing party in an action for unpaid wages, applies to actions to recover accrued but unpaid wages, and doés not apply in an action for breach of an employment contract where the damages are unacerued wages.
Joseph sued Commonwealth, alleging that Commonwealth breached a contract to employ him for three years by discharging him after three months. He also alleged fraud, misrepresentation, and entitlement to an accounting. This court affirmed the summary judgment in favor of Commonwealth. Joseph v. Commonwealth Land Title Ins. Co., 681 So.2d 1154 (Fla. 5th DCA 1996). Thereafter, the trial court granted Commonwealth’s motion for attorney’s fees based on section 448.08, and awarded Commonwealth $17,731.58.
Section 448.08 provides:
448.08. Attorney’s fees for successful litigants in actions for unpaid wages.
The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney’s fee.
This section, which is contained in a chapter that sets forth basic rights for workers, such as overtime pay after ten hours,[1] does‘not define the term “unpaid wages,” but, in Werthman v. School Board of Seminole County, 599 So.2d 220 (Fla. 5th DCA 1992), this court held that the statute provides for the payment of attorney’s fees in an action involving accrued, but unpaid wages. There, a teacher was suspended without pay after allegations of misconduct arose. After an administrative termination proceeding brought by the school board, it was determined that the charges were not proven. The teacher was reinstated and given the pay withheld during the period of his suspension. This court declined to extend the meaning of the statute’s term “action” to administrative proceedings, and held that such proceedings do not involve proceedings to recover “unpaid wages” except in the most tangential sense. Id. at 221. The supreme court approved Werthman in Dade County v. Pena, 664 So.2d 959 (Fla.1995), emphasizing that there must be “an action ‘for back wages’ ... to implicate the statutory entitlement.” Id. at 960.
We recognize that the instant ease is distinguished from Pena and Werthman. The latter arose in the context of administrative proceedings, and the issue underlying the cases was the right to continued employment. In contrast, the instant case, which was not an administrative case, was brought for a determination of money damages rather than a for a determination of the right to continued employment. Nevertheless, we cannot overlook the stress in Werthman that the statute applies to actions involving accrued but unpaid wages, and in Pena that the action be for back wages. In the instant case, because Joseph was suing for money that allegedly would have been due him had his employment not been terminated, that is, for unacerued wages, we hold that the court erred in applying the statute and reverse the judgment awarding attorney’s fees to Commonwealth.
REVERSED and REMANDED.
GRIFFIN, C.J., and GOSHORN, J., concur.

. § 448.08, Fla. Stat.