MARSTILLER, J.,
concurring.
I concur in the decision to reverse the order denying Ms. Silver’s request for attorney’s fees because there is no evidence in the record from which to determine if— and why — her success in defending against the criminal charge depended on the legal work done on her behalf in the employment termination administrative proceeding.
I write only to clarify two things. First, section 1012.26, Florida Statutes, by its terms, does not require a school district to reimburse an employee for legal expenses incurred in successfully defending an employment termination (or suspension) action in the administrative forum. See Werthman v. Sch. Bd. of Seminole County, Fla., 599 So.2d 220, 222 (Fla. 5th DCA 1992) (holding that an employment termination proceeding is neither a civil nor criminal action under section 1012.26 such that a school district must reimburse employee’s legal expenses after successful defense, and that the only statutory remedies in that instance are reinstatement and *240 back pay). Second, we do not hold that whenever administrative and criminal actions arise from the same set of facts, and an employee successfully defends herself against both, a school board must pay the employee’s legal expenses incurred in the administrative action. Indeed, at oral argument counsel for the School Board advised the court that criminal charges and administrative actions frequently arise from the same circumstances.
Ms. Silver’s entitlement to reimbursement of her legal expenses under section 1012.26 ultimately will turn on the unique facts of this case. Here, as the majority opinion points out, the School Board explicitly based its decision to fire Ms. Silver on the criminal arrest. Notably, the School Board did not conduct its own investigation into Ms. Silver’s alleged misconduct, but instead relied solely on the investigation performed by the Jacksonville Sheriffs Office — the same investigation that led to her arrest. Thus, the criminal and administrative actions appear not simply related, but intertwined. The additional evidence taking and fact finding on remand should focus on that issue.