DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER BLINSTON,**
Appellant,

v.

**PALM BEACH COUNTY SHERIFF'S OFFICE,**
Appellee.

No. 4D19-768

[April 29, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina A. Keever-Agrama, Judge; L.T. Case No. 502019MH000398XXXXMB.

Cory C. Strolla of Strolla Law, West Palm Beach, for appellant.

Kara Rockenbach Link and David A. Noel of Link & Rockenbach, PA, West Palm Beach, for appellee.

DAMOORGIAN, J.

Christopher Blinston ("Appellant") appeals the 12-month Risk Protection Order ("RPO") entered against him pursuant to section 790.401, Florida Statutes (2018). Appellant argues that the trial court considered impermissible evidence which failed to show that he posed an "imminent" or "immediate and present" danger, including prior incidents that occurred more than 12 months before the RPO; noncredible witness testimony; and allegations not included in the original RPO petition. Appellant also argues that the RPO was improper because he was under an active domestic violence injunction at the time and thus could not legally possess a firearm, and because evidence was presented showing that Appellant did not suffer from mental illness.

Because the trial court's findings are supported by competent, substantial evidence, we affirm on all issues. We write only to clarify two points of law: (1) the RPO statute does not bar evidence of acts committed more than 12 months before the filing of the RPO petition; and (2) an active domestic violence injunction does not prevent entry of an RPO.

Following the 2018 school shooting in Parkland, Florida, the Legislature enacted section 790.401, Florida Statutes, otherwise known as the "Marjory Stoneman Douglas High School Public Safety Act." The RPO statute allows law enforcement to petition for an RPO to temporarily remove firearms from a person who poses a significant danger to themselves or others. In part, it provides:

> Upon notice and a hearing on the matter, if the court finds by clear and convincing evidence that the respondent poses a significant danger of causing personal injury to himself or herself or others by having in his or her custody or control, or by purchasing, possessing, or receiving, a firearm or any ammunition, the court must issue a risk protection order for a period that it deems appropriate, up to and including but not exceeding 12 months.

§ 790.401(3)(b), Fla. Stat. (2018).

In February 2019, the Palm Beach County Sheriff's Office filed a petition seeking an RPO alleging Appellant posed a significant danger of causing personal injury to himself or others. The petition included an affidavit outlining Appellant's lengthy history of domestic violence incidents, including arrests for domestic battery, child abuse, and domestic battery by strangulation, as well as his numerous contacts with law enforcement.

The trial court issued a temporary *ex parte* RPO and set the matter for an evidentiary hearing in accordance with the RPO statute. At the hearing, the trial court heard testimony from numerous witnesses who provided first-hand accounts of Appellant's violent and threatening behavior. This included testimony of past arrests and incidents involving the use of physical force that occurred more than 12 months prior to the filing of the RPO petition. In fact, at the time the petition was filed, Appellant was under an active domestic violence injunction. Evidence was also presented showing that Appellant, a retired military veteran, had access to firearms and was known to stay up late building silencers and putting scopes on his rifles. Based on this evidence, the court found clear and convincing evidence showed that Appellant posed a significant danger to himself or others by having a firearm in his custody or control and entered a 12-month RPO.

This appeal follows.

Before beginning our analysis, we find it necessary to address the faulty assumption repeated throughout Appellant's brief that the domestic

violence rules of evidence apply to RPO hearings. More specifically, that the entry of an RPO requires a showing of "imminent fear" or "immediate and present" danger. The RPO statute states that, "[i]n a hearing under this section, the rules of evidence apply to the same extent as in a domestic violence injunction proceeding under s. 741.30." § 790.401(3)(e), Fla. Stat. (2018). We take this statute to mean that the Florida Evidence Code (Chapter 90, Florida Statutes (2018)) applies to an RPO proceeding in the same manner it applies to a domestic violence injunction proceeding. We do not find this language to mean that the domestic violence injunction statute (section 741.30, Florida Statutes (2018)) and its standards control over RPO proceedings. Also, nothing in the RPO statute requires a showing of "immediate and present danger" or "imminent fear." Rather, the statute explicitly states it requires a showing that the respondent poses a "significant danger." § 790.401(2)(e)1., (3)(b), Fla. Stat. (2018); *see also Davis v. Gilchrist Cty. Sheriff's Office*, 280 So. 3d 524, 532 (Fla. 1st DCA 2019) (recognizing that the RPO statute requires a showing of "significant danger," and properly concluding that there is "nothing inherently vague" about the word "significant").

With this clarification in mind, we first address whether the RPO statute limits the evidence to events that occurred within the past 12 months of the filing of the RPO petition. We find that it does not. The RPO statute states that the trial court may consider "any relevant evidence," and then lists fifteen enumerated factors. Included in those factors is one with a time limit: "[a]n act or threat of violence by the respondent within the past 12 months . . . ." § 790.401(3)(c)2., Fla. Stat. (2018). The remaining factors, which include arrests and convictions for violent crimes, recurring use of, and threats to use, physical force, and recurring mental health issues, do not include specific time frames. § 790.401(3)(c), Fla. Stat. (2018). The logical conclusion being that for those factors which do not expressly impose a time limit, the statute allows consideration of incidents occurring more than 12 months prior to the filing of the RPO petition. *See Fla. Dep't of Envtl. Prot. v. ContractPoint Fla. Parks, LLC*, 986 So. 2d 1260, 1265–66 (Fla. 2008) (reiterating that when interpreting a subsection of a statute, the subsection must be read "within the context of the entire section in order to ascertain legislative intent for the provision").

We next address Appellant's faulty argument that an active domestic violence injunction prevents entry of an RPO. The RPO statute specifically provides that a petition for RPO must "[i]dentify whether there is a known existing protection order governing the respondent under s. 741.30[1], s.

---

[1] Section 741.30, Florida Statutes (2018), refers to domestic violence injunctions.

3

784.046, or s. 784.0485 or under any other applicable statute." § 790.401(2)(e)3., Fla. Stat. (2018). Also, one of the enumerated factors a trial court may consider in granting the RPO is "[a] violation by the respondent of a risk protection order or a no contact order issued under s. 741.30, s. 784.046, or s. 784.0485." § 790.401(3)(c)4., Fla. Stat. (2018). In other words, the RPO statute not only requires the disclosure of an existing protection order but explicitly allows the trial court to consider compliance with the existing protection order in granting the RPO. If the Legislature intended for the existence of an active domestic violence injunction to preclude entry of an RPO, it would not have included express language in the statute permitting consideration of an existing protection order. *See Dade Cty. v. Peña*, 664 So. 2d 959, 960 (Fla. 1995) ("A general rule of statutory construction in Florida is that courts should not depart from the plain and unambiguous language of the statute.").

*Affirmed.*

WARNER and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***